**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LODSYS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-cv-272 |
| | § | |
| COMBAY, INC.; | § | |
| ICONFACTORY, INC.; | § | **JURY TRIAL DEMANDED** |
| ILLUSION LABS AB; | § | |
| MICHAEL G. KARR D/B/A SHOVELMATE; | § | |
| QUICKOFFICE, INC.; | § | |
| RICHARD SHINDERMAN; | § | |
| WULVEN GAME STUDIOS, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lodsys, LLC ("Lodsys"), for its complaint against the above-named Defendants, alleges as follows:

### THE PARTIES

1.  Lodsys is a Texas limited liability company with its principal place of business in Marshall, Texas.

2.  Defendant Combay, Inc. ("Combay") is or was a Texas corporation with its principal place of business in Roanoke, Texas. Combay may be served with process through its Texas registered agent, Marshall F. Trotter, 325 Wenrick Drive, Roanoke, Texas, 76262.

3.  Defendant Iconfactory, Inc. ("Iconfactory") is a North Carolina corporation with its principal place of business in Greensboro, North Carolina. Iconfactory may be served with process through its North Carolina registered agent, Gedeon Maheux, 7204 W Friendly Avenue, Unit F, Greensboro, North Carolina, 27410.

4.  Defendant Illusion Labs AB ("Illusions Labs") is a Swedish limited company with its principal place of business in Malmo, Sweden. Illusions Labs may be served with process through the Hague Service Convention.

1

5. Defendant Michael G. Karr d/b/a Shovelmate ("Shovelmate") is a resident of Las Vegas, Nevada.

6. Defendant Quickoffice, Inc. ("Quickoffice") is a Delaware corporation with its principal place of business in Plano, Texas. Quickoffice may be served with process through its Texas registered agent, Registered Agent Solutions, Inc., 515 Congress Avenue, Suite 2300, Austin, Texas, 78701.

7. Defendant Richard Shinderman ("Shinderman") is a resident of Brooklyn, New York.

8. Defendant Wulven Game Studios ("Wulven") is a Vietnamese company with its principal place of business in Hanoi, Vietnam.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that defendants reside in this district, a substantial part of the events giving rise to the claims occurred in this district, and/or the defendants have a regular and established practice of business in this district and have committed acts of infringement in this district.

10. This Court has general and specific personal jurisdiction over defendants, because each defendant has substantial contacts with the forum as a result of conducting substantial business in the State of Texas and within this district. Upon information and belief, each defendant regularly solicits business in the State of Texas and this district; derives revenue from products and/or services provided to individuals residing the State of Texas and this district; conducts business utilizing the claimed systems and methods with and for customers residing in the State of Texas and this district; and provides and/or markets products and services directly to consumers in the State of Texas and this district.

## INFRINGEMENT OF U.S. PATENT NO. 7,620,565 B2

11.     On November 17, 2009, U.S. Patent No. 7,620,565 (the "'565 patent") was duly and legally issued for a "Customer-Based Product Design Module."  A true and correct copy of the '565 patent is attached hereto as Exhibit A.  Lodsys is the owner by assignment of all rights, title, and interest in and to the '565 patent.

12.     Defendant Combay has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent.  Combay makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Mega Poker Online Texas Holdem for iPhone, which infringes at least claim 27 of the '565 patent under 35 U.S.C. § 271.

13.     Defendant Iconfactory has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent.  Iconfactory makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Twitterrific for iPhone, Twitterrific for iPad, and Twitterrific for Mac, which infringes at least claim 27 of the '565 patent under 35 U.S.C. § 271.

14.     Defendant Illusion Labs has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent.  Illusion Labs makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Labyrinth for iPhone and Labyrinth for Android, which infringes at least claim 27 of the '565 patent under 35 U.S.C. § 271.

15.     Defendant Shovelmate has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent.  Shovelmate makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to 69 Positions for iPhone, which infringes at least claim 27 of the '565 patent under 35 U.S.C. § 271.

16. Defendant Quickoffice has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Quickoffice makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Quickoffice Connect for iPhone, which infringes at least claim 27 of the '565 patent under 35 U.S.C. § 271.

17. Defendant Shinderman has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Shinderman makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Hearts and Daggers for iPhone, which infringes at least claim 27 of the '565 patent under 35 U.S.C. § 271.

18. Defendant Wulven has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Wulven makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Shadow Era for iPhone, which infringes at least claim 27 of the '565 patent under 35 U.S.C. § 271.

19. Defendants Combay, Iconfactory, Illusion Labs, Shovelmate, Quickoffice, Shinderman, and Wulven's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Lodsys' exclusive rights under the '565 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendants' infringement is willful and deliberate, including because defendants became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys' complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,222,078 B2

20. On May 22, 2007, U.S. Patent No. 7,222,078 (the "'078 patent") was duly and legally issued for "Methods and Systems for Gathering Information from Units of a Commodity Across a Network." A true and correct copy of the '078 patent is attached hereto as Exhibit B. Lodsys is the owner by assignment of all rights, title, and interest in and to the '078 patent.

21. Defendant Combay has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Combay makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Mega Poker Online Texas Holdem for iPhone, which infringe at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

22. Defendant Iconfactory has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Iconfactory makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Twitterrific for iPhone, Twitterrific for iPad, and Twitterrific for Mac, which infringe at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

23. Defendant Illusions Labs has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Illusion Labs makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Labyrinth for iPhone and Labyrinth for Android, which infringe at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

24. Defendant Shovelmate has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Shovelmate makes, sells, uses, imports,

and/or offers to sell infringing applications, including but not limited to 69 Positions for iPhone, which infringe at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

25. Defendant Quickoffice has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Quickoffice makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Quickoffice Connect for iPhone, which infringe at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

26. Defendant Shinderman has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Shinderman makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Hearts and Daggers for iPhone, which infringe at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

27. Defendant Wulvan has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Wulvan makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Shadow Era for iPhone, which infringe at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

28. Defendants Combay, Iconfactory, Illusion Labs, Shovelmate, Quickoffice, Shinderman, and Wulven's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Lodsys' exclusive rights under the '078 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendants' infringement is willful and deliberate, including because defendants became aware of the infringing nature of their respective products and services at the latest when they received a

notice letter from Lodsys and/or the filing of Lodsys' complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lodsys respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lodsys, LLC, respectfully requests entry of judgment in its favor and against defendants as follows:

(a) Declaration that (1) Defendants Combay, Iconfactory, Illusion Labs, Shovelmate, Quickoffice, Shinderman, and Wulven have infringed U.S. Patent No. 7,620,565; and (2) Defendants Combay, Iconfactory, Illusion Labs, Shovelmate, Quickoffice, Shinderman, and Wulven have infringed U.S. Patent No. 7,222,078;

(b) Awarding the damages arising out of (1) Defendants Combay, Iconfactory, Illusion Labs, Shovelmate, Quickoffice, Shinderman, and Wulven's infringement of U.S. Patent No. 7,620,565; and (2) Defendants Combay, Iconfactory, Illusion Labs, Shovelmate, Quickoffice, Shinderman, and Wulven's infringement of U.S. Patent No. 7,222,078;

(c) Finding defendants' infringement to be willful from the time that defendants became aware of the infringing nature of their respective products and services, which is the time of receiving a notice letter from Lodsys or the filing of Lodsys' complaint at the latest, and awarding treble damages to Lodsys for the period of such willful infringement pursuant to 35 U.S.C. § 284;

(d) Permanently enjoining defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent No. 7,620,565 and 7,222,078, or in the alternative, awarding a royalty for post-judgment infringement;

(e) Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(f) Awarding such other costs and further relief as the Court may deem just and proper.

Dated:  May 31, 2011               Respectfully Submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM, PC**
111 West Tyler Street
Longview, Texas 75601
Telephone:  (903) 230-9090
Facsimile:  (903) 230-9090
Email:  bdavis@bdavisfirm.com

Michael A. Goldfarb
Christopher M. Huck
**KELLEY, DONION, GILL,
HUCK & GOLDFARB, PLLC**
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Telephone:  (206) 452-0260
Facsimile:  (206) 397-3062
Email: goldfarb@kdg-law.com
Email: huck@kdg-law.com

**ATTORNEYS FOR PLAINTIFF
LODSYS, LLC**