**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LODSYS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-cv-272 |
| | § | |
| ATARI INTERACTIVE, INC.; | § | |
| COMBAY, INC.; | § | |
| ELECTRONIC ARTS, INC.; | § | |
| ICONFACTORY, INC.; | § | **JURY TRIAL DEMANDED** |
| ILLUSION LABS AB; | § | |
| MICHAEL G. KARR D/B/A SHOVELMATE; | § | |
| QUICKOFFICE, INC.; | § | |
| ROVIO MOBILE LTD. | § | |
| RICHARD SHINDERMAN; | § | |
| SQUARE ENIX LTD.; | § | |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | § | |
| | § | |
| Defendants. | § | |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Lodsys, LLC ("Lodsys"), for its complaint against the above-named Defendants, alleges as follows:

### THE PARTIES

1. Lodsys is a Texas limited liability company with its principal place of business in Marshall, Texas.

2. Defendant Atari Interactive, Inc. ("Atari") is a Delaware corporation with its principal place of business in New York, New York.

3. Defendant Combay, Inc. ("Combay") is or was a Texas corporation with its principal place of business in Roanoke, Texas.

4. Defendant Electronic Arts, Inc. ("Electronic Arts") is a Delaware corporation with its principal place of business in Redwood City, California.

5. Defendant Iconfactory, Inc. ("Iconfactory") is a North Carolina corporation with its principal place of business in Greensboro, North Carolina.

1

6. Defendant Illusion Labs AB ("Illusions Labs") is a Swedish limited company with its principal place of business in Malmo, Sweden.

7. Defendant Michael G. Karr d/b/a Shovelmate ("Shovelmate") is a resident of Las Vegas, Nevada.

8. Defendant Quickoffice, Inc. ("Quickoffice") is a Delaware corporation with its principal place of business in Plano, Texas.

9. Defendant Rovio Mobile Ltd. ("Rovio") is a Finnish limited company with its principal place of business in Espoo, Finland.

10. Defendant Richard Shinderman ("Shinderman") is a resident of Brooklyn, New York.

11. Defendant Square Enix, Ltd. ("Square") is a United Kingdom limited company with its principal place of business in London, England.

12. Defendant Take-Two Interactive Software, Inc. ("Take-Two") is a Delaware corporation with its principal place of business in New York, New York.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. Venue is proper in this federal district pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) in that defendants reside in this district, a substantial part of the events giving rise to the claims occurred in this district, and/or the defendants have a regular and established practice of business in this district and have committed acts of infringement in this district.

14. This Court has general and specific personal jurisdiction over defendants, because each defendant has substantial contacts with the forum as a result of conducting substantial business in the State of Texas and within this district. Upon information and belief, each defendant regularly solicits business in the State of Texas and this district; derives revenue from products and/or services provided to individuals residing the State of Texas and this district; conducts business utilizing the claimed systems and methods with and for customers residing in

the State of Texas and this district; and provides and/or markets products and services directly to consumers in the State of Texas and this district.

**INFRINGEMENT OF U.S. PATENT NO. 7,620,565 B2**

15. On November 17, 2009, U.S. Patent No. 7,620,565 (the "'565 patent") was duly and legally issued for a "Customer-Based Product Design Module." A true and correct copy of the '565 patent is attached hereto as Exhibit A. Lodsys is the owner by assignment of all rights, title, and interest in and to the '565 patent.

16. Defendant Atari has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Atari makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Atari's Greatest Hits for iPhone and Atari's Greatest Hits for iPad, which infringe at least claim 27 of the '565 patent under 35 U.S.C. § 271.

17. Defendant Combay has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Combay makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Mega Poker Online Texas Holdem for iPhone, which infringes at least claim 27 of the '565 patent under 35 U.S.C. § 271.

18. Defendant Electronic Arts has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Electronic Arts makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to The Sims 3 for iPhone, which infringes at least claim 27 of the '565 patent under 35 U.S.C. § 271.

19. Defendant Iconfactory has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Iconfactory makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Twitterrific for iPhone,

Twitterrific for iPad, and Twitterrific for Mac, which infringe at least claim 27 of the '565 patent under 35 U.S.C. § 271.

20.     Defendant Illusion Labs has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Illusion Labs makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Labyrinth for iPhone and Labyrinth for Android, which infringe at least claim 27 of the '565 patent under 35 U.S.C. § 271.

21.     Defendant Shovelmate has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Shovelmate makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to 69 Positions for iPhone, which infringes at least claim 27 of the '565 patent under 35 U.S.C. § 271.

22.     Defendant Quickoffice has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Quickoffice makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Quickoffice Connect for iPhone, which infringes at least claim 27 of the '565 patent under 35 U.S.C. § 271.

23.     Defendant Rovio has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent. Rovio makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Angry Birds for iPhone and Angry Birds for Android, which infringe at least claim 27 of the '565 patent under 35 U.S.C. § 271.

24.     Defendant Shinderman has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the

inducement of others, one or more of the claims of the '565 patent.  Shinderman makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Hearts and Daggers for iPhone, which infringes at least claim 27 of the '565 patent under 35 U.S.C. § 271.

25. Defendant Square has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent.  Square makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Big Hit Baseball for iPhone and Big Hit Baseball for iPad, which infringe at least claim 27 of the '565 patent under 35 U.S.C. § 271.

26. Defendant Take-Two has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '565 patent.  Take-Two makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to 2K Sports NHL 2K11 for iPhone, which infringes at least claim 27 of the '565 patent under 35 U.S.C. § 271.

27. Defendants Atari, Combay, Electronic Arts, Iconfactory, Illusion Labs, Shovelmate, Quickoffice, Rovio, Shinderman, Square, and Take-Two's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial.  Defendants' infringement of Lodsys' exclusive rights under the '565 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.  Defendants' infringement is willful and deliberate, including because defendants became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys' complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## INFRINGEMENT OF U.S. PATENT NO. 7,222,078 B2

28.     On May 22, 2007, U.S. Patent No. 7,222,078 (the "'078 patent") was duly and legally issued for "Methods and Systems for Gathering Information from Units of a Commodity Across a Network."  A true and correct copy of the '078 patent is attached hereto as Exhibit B.  Lodsys is the owner by assignment of all rights, title, and interest in and to the '078 patent.

29.     Defendant Atari has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent.  Atari makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Atari's Greatest Hits for iPhone and Atari's Greatest Hits for iPad, which infringe at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

30.     Defendant Combay has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent.  Combay makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Mega Poker Online Texas Holdem for iPhone, which infringes at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

31.     Defendant Electronic Arts has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent.  Electronic Arts makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to The Sims 3 for iPhone, which infringes at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

32.     Defendant Iconfactory has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent.  Iconfactory makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Twitterrific for iPhone,

Twitterrific for iPad, and Twitterrific for Mac, which infringe at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

33.    Defendant Illusions Labs has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent.  Illusion Labs makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Labyrinth for iPhone and Labyrinth for Android, which infringe at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

34.    Defendant Shovelmate has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent.  Shovelmate makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to 69 Positions for iPhone, which infringe at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

35.    Defendant Quickoffice has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent.  Quickoffice makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Quickoffice Connect for iPhone, which infringe at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

36.    Defendant Rovio has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent.  Rovio makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Angry Birds for iPhone and Angry Birds for Android, which infringe at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

37.    Defendant Shinderman has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the

inducement of others, one or more of the claims of the '078 patent. Shinderman makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Hearts and Daggers for iPhone, which infringes at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

38. Defendant Square has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Square makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to Big Hit Baseball for iPhone and Big Hit Baseball for iPad, which infringe at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

39. Defendant Take-Two has infringed and continues to infringe, directly, indirectly, literally, under the doctrine of equivalents, contributorily, and/or through the inducement of others, one or more of the claims of the '078 patent. Take-Two makes, sells, uses, imports, and/or offers to sell infringing applications, including but not limited to 2K Sports NHL 2K11 for iPhone, which infringe at least claims 1 and 24 of the '078 patent under 35 U.S.C. § 271.

40. Defendants Atari, Combay, Electronic Arts, Iconfactory, Illusion Labs, Shovelmate, Quickoffice, Rovio, Shinderman, Square, and Take-Two's acts of infringement have caused damage to Lodsys, and Lodsys is entitled to recover from defendants the damages sustained by Lodsys as a result of defendants' wrongful acts in an amount subject to proof at trial. Defendants' infringement of Lodsys' exclusive rights under the '078 patent will continue to damage Lodsys, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court. Defendants' infringement is willful and deliberate, including because defendants became aware of the infringing nature of their respective products and services at the latest when they received a notice letter from Lodsys and/or the filing of Lodsys' complaint, entitling Lodsys to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Lodsys respectfully requests a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lodsys, LLC, respectfully requests entry of judgment in its favor and against defendants as follows:

(a)     Declaration that (1) Defendants Atari, Combay, Electronic Arts, Iconfactory, Illusion Labs, Shovelmate, Quickoffice, Rovio, Shinderman, Square, and Take-Two have infringed U.S. Patent No. 7,620,565; and (2) Defendants Atari, Combay, Electronic Arts, Iconfactory, Illusion Labs, Shovelmate, Quickoffice, Rovio, Shinderman, Square, and Take-Two have infringed U.S. Patent No. 7,222,078;

(b)     Awarding the damages arising out of (1) Defendants Atari, Combay, Electronic Arts, Iconfactory, Illusion Labs, Shovelmate, Quickoffice, Rovio, Shinderman, Square, and Take-Two's infringement of U.S. Patent No. 7,620,565; and (2) Defendants Atari, Combay, Electronic Arts, Iconfactory, Illusion Labs, Shovelmate, Quickoffice, Rovio, Shinderman, Square, and Take-Two's infringement of U.S. Patent No. 7,222,078;

(c)     Finding defendants' infringement to be willful from the time that defendants became aware of the infringing nature of their respective products and services, which is the time of receiving a notice letter from Lodsys or the filing of Lodsys' complaint at the latest, and awarding treble damages to Lodsys for the period of such willful infringement pursuant to 35 U.S.C. § 284;

(d)     Permanently enjoining defendants and their respective officers, agents, employees, and those acting in privity with them, from further infringement, including contributory infringement and/or inducing infringement, of U.S. Patent No. 7,620,565 and 7,222,078, or in the alternative, awarding a royalty for post-judgment infringement;

(e)     Awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

(f) Awarding such other costs and further relief as the Court may deem just and proper.

Dated: July 21, 2011.  Respectfully Submitted,

By:  /s/ Christopher M. Huck
Michael A. Goldfarb
(admitted *pro hac vice*)
Christopher M. Huck
(admitted *pro hac vice*)
KELLEY, DONION, GILL,
HUCK & GOLDFARB, PLLC
701 Fifth Avenue, Suite 6800
Seattle, Washington 98104
Phone: (206) 452-0260
Fax: (206) 397-3062
Email: goldfarb@kdg-law.com
       huck@kdg-law.com

William E. "Bo" Davis, III
Texas State Bar No. 24047416
THE DAVIS FIRM, PC
111 West Tyler Street
Longview, Texas 75601
Phone: (903) 230-9090
Fax: (903) 230-9090
Email: bdavis@bdavisfirm.com

**Attorneys for Plaintiff Lodsys, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 21st day of July 2011.

By:   /s/ Christopher M. Huck
       Christopher M. Huck