# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| LODSYS, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-cv-272 |
| | § | |
| ATARI INTERACTIVE, INC.; | § | |
| COMBAY, INC.; | § | |
| ELECTRONIC ARTS INC.; | § | |
| ICONFACTORY, INC.; | § | |
| ILLUSION LABS AB; | § | |
| MICHAEL G. KARR D/B/A SHOVELMATE; | § | |
| QUICKOFFICE, INC.; | § | |
| ROVIO MOBILE LTD.; | § | |
| RICHARD SHINDERMAN; | § | |
| SQUARE ENIX LTD.; | § | |
| TAKE-TWO INTERACTIVE SOFTWARE, | § | |
| INC., | § | |
| Defendants. | § | |

## PLAINTIFF LODSYS, LLC'S RESPONSE IN OPPOSITION TO APPLE INC.'S MOTION TO INTERVENE

### REDACTED VERSION

# TABLE OF CONTENTS

**PAGE**

I.    INTRODUCTION ............................................................................... 1

II.    ARGUMENT........................................................................................ 2

    A.    *Threshold Matter*: █████████████████████

        ██████████ .......................................................................... 2

        1.    As a Matter of Law, ████████████████ .................. 2

        2.    At the Very Least, Apple's Motion Should Be Stayed Pending Discovery ............................................................................ 4

    B.    *Additional Threshold Matter*:  Apple's Motion is Premature............................ 5

    C.    Apple is *Not* Entitled to Intervention as a Matter of Right Under Rule 24(a).......................................................................................... 7

        1.    Apple's Motion is Untimely ........................................................ 7

        2.    Apple Lacks Any Direct, Substantial and Legally Protectable Interest ....... 8

        3.    Apple's Purported Interest Will *Not* Be Impaired Absent Intervention ..... 11

        4.    Apple's Purported Interest is More Than Adequately Represented .......... 11

    D.    Apple is *Not* Entitled to Permissive Intervention Under Rule 24(b)................. 14

III.    CONCLUSION ......................................................................................... 15

i

## TABLE OF AUTHORITIES

**PAGE**

*Ace Capital v. Varadam Found.,*
   392 F. Supp. 2d 671 (D. Del. 2005) ................................................................. 4

*Adams v. Consol. Wood Products Employee Ben. Plan,*
   No. 2:10-CV-310-TJW, 2011 WL 665821 (E.D. Tex. Feb. 14, 2011) .......... 2, 9, 10, 14

*Bouchard v. Union Pac. R. Co.,*
   No. CIV .A.H-08-1156, 2009 WL 1506677 (S.D. Tex. May 28, 2009) ...................... 10

*Bush v. Viterna,*
   740 F.2d 350 (5th Cir. 1984) ................................................................. 7, 12, 14, 15

*Butler, Fitzgerald & Potter v. Sequa Corp.,*
   250 F.3D 171 (2d Cir. 2001) ................................................................. 12

*Dial v. P'ship for Response & Recovery,*
   No. 1:09-CV-218, 2010 WL 1054884 (E.D. Tex. Feb. 23, 2010)................................. 8

*Edwards v. City of Houston,*
   78 F.3d 983 (5th Cir. 1996) ................................................................. 7

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.,*
   630 F. Supp. 2d 365 (D. Del. 2007) ................................................................. 3

*Flynn v. Hubbard,*
   782 F.2d 1084 (1st Cir. 1986) ................................................................. 6

*Frazier v. Map Oil Tools, Inc.,*
   No. CIV .A.C-10-4, 2010 WL 2352056 (S.D. Tex. June 10, 2010)................................. 3

*Heaton v. Monogram Credit Card Bank of Georgia,*
   297 F.3d 416 (5th Cir. 2002) ................................................................. 13

*Hopwood v. State,*
   No. CIV. A-92-CA-563-SS, 1994 WL 242362 (W.D. Tex. Jan. 20, 1994) ................. 14

*In re Babcock & Wilcox Co.,*
   No. CIV.A. 01-912, 2001 WL 1095031 (E.D. La. Sept. 18, 2001)................................. 10

*Ingebretsen on Behalf Ingebretsen v. Jackson Pub. Sch. Dist.,*
   88 F.3d 274 (5th Cir. 1996) ................................................................. 14

*Int'l Tank Terminals, Ltd. v. M/V Acadia Forest,*
   579 F.2d 964 (5th Cir. 1978) ................................................................. 13

*Intel Corp. v. Broadcom Corp.,*
   173 F. Supp. 2d 201 (D. Del. 2001) ................................................................. 4

ii

*Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.,*
   248 F.3d 1333 (Fed. Cir. 2011) ................................................................ 3

*IP Innovation L.L.C. v. Google, Inc.,*
   661 F. Supp. 2d 659 (E.D. Tex. 2009)....................................................... 3

*James v. Harris County Sheriff's Dept.,*
   No. CIV.A. H-04-3576, 2005 WL 1878204 (S.D. Tex. Aug. 9, 2005) .......... 8

*John Doe No. 1 v. Glickman,*
   256 F.3d 371 (5th Cir. 2001) ............................................................. 7, 13

*Kneeland v. Nat'l Collegiate Athletic Ass'n,*
   806 F.2d 1285 (5th Cir. 1987) ......................................................... 12, 14

*League of United Latin Am. Citizens, Council No. 4434 v. Clements,*
   884 F.2d 185 (5th Cir. 1989) .................................................................. 12

*Lincoln Gen. Ins. Co. v. Aisha's Learning Ctr.,*
   No. CIV .A. 3:04-CV-0063B, 2004 WL 2533575 (N.D. Tex. Nov. 9, 2004)............... 11

*Morrow v. Microsoft Corp.,*
   499 F.3d 1332 (Fed. Cir. 2007) ................................................................ 3

*Negotiated Data Solutions, LLC v. Dell, Inc.,*
   No. 2:06-cv 528 (E.D. Tex. Oct. 23, 2008) .............................................. 10

*New Orleans Pub. Serv., Inc., v. United Gas Pipe Line Co.,*
   732 F.2d 452 (5th Cir. 1984) ............................................................. 8, 14

*Ortho Pharm. Corp. v. Genetics Inst., Inc.,*
   52 F.3D 1026 (Fed. Cir. 1995) ................................................................. 4

*Ouch v. Sharpless,*
   237 F.R.D. 163 (E.D. Tex. 2006) .............................................................. 8

*Ramirez v. Texas Low-Level Radioactive Waste Disposal Auth.,*
   28 F. Supp. 2d 1019 (W.D. Tex. 1998) ..................................................... 5

*Rigco, Inc. v. Rauscher Pierce Refsnes, Inc.,*
   110 F.R.D. 180 (N.D. Tex. 1986)............................................................... 9

*Saldano v. Roach,*
   363 F.3d 545 (5th Cir. 2004) ................................................................... 8

*S.E.C. v. Provident Royalties, LLC,*
   No. CIV. 3:09-CV-1238-L, 2010 WL 27185 (N.D. Tex. Jan. 5, 2010) ......... 7

*Shaunfield v. Citicorp Diners Club, Inc.,*
   No. 3:04-CV-1087-G, 2005 U.S. Dist. LEXIS 11244 (N.D. Tex. June 8, 2005)........... 7

*Shea v. Angulo,*
   19 F.3d 343 (7th Cir. 1994) ................................................................... 12

iii

*Sierra Club v. Epsy,*
   18 F.3d 1202 (5th Cir. 1994) .................................................................. 5, 6

*State v. Am Tobacco Co.,*
   No. 5-98CV-270, 1999 WL 1022129 (E.D. Tex. Nov. 5, 1999) .................................. 14

*Taylor Communications Group, Inc. v. Sw. Bell Tel. Co.,*
   172 F.3d 385 (5th Cir. 1999) .................................................................. 11

*Teague v. Bakker,*
   931 F.2d 259 (4th Cir. 1991) .................................................................. 13

*Tivo Inc. v. AT&T Inc.,*
   2:09-cv-259 (E.D. Tex. Mar. 31, 2010) ........................................................ 15

*U.S. Ethernet Innovations, LLC v. Acer, Inc. et al.,*
   No. 6:09-cv-448 (E.D. Tex. May 10, 2010) .................................................... 10

*United States v. Microsoft Corp.,*
   No. CIV.A.98-1232(CKK), 2002 WL 319784 (D.D.C. Jan. 28, 2002) ...................... 5, 7

*United States v. Texas Educ. Agency (Lubbock Indep. Sch. Dist.),*
   138 F.R.D. 503 (N.D. Tex. 1991) ........................................................ 12, 13, 14

*Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA,*
   944 F.2d 870 (Fed. Cir. 1991) .................................................................... 3

*Villas at Parkside Partners v. City of Farmers Branch,*
   245 F.R.D. 551 (N.D. Tex. 2007) ................................................................ 12

*Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.,*
   922 F.2d 92 (2d Cir. 1990) ...................................................................... 11

Plaintiff Lodsys, LLC ("Lodsys") respectfully submits this response in opposition to Apple Inc.'s Motion To Intervene [dkt. no. 4] (the "Motion").[1]

## I.     INTRODUCTION

Apple asserts that it is entitled to intervene based on the License. Apple also asserts that it might lose revenues absent intervention. And Apple asserts that the defendants are allegedly too small and without financial resources to adequately represent Apple's purported interest. But all of Apple's assertions are legally and factually without merit for several reasons.

First, although Apple's Motion is based on the License, Apple ignores that ███████████

Second, Apple's own Motion demonstrates that its purported interest is, at best, purely economic. For example, Apple repeatedly speculates that this action could "lead to loss of significant revenues from all developers." Motion at 2. But courts have consistently held that economic interests do *not* satisfy the requirements for intervention. Apple's prediction that this lawsuit *may* hurt its relationship with Developers and *may* diminish revenues is also too speculative and contingent to satisfy the requirements for intervention.

Third, Apple repeatedly asserts that the defendants are allegedly individuals or "small entities with limited resources." Motion at 12. But Apple prematurely filed its Motion *before* Lodsys filed its Amended Complaint [dkt. no. 26] against several large companies with substantial financial and technical resources, including Atari Interactive, Inc., Electronic Arts Inc. ("Electronic Arts"), Rovio Mobile Ltd. ("Rovio"), Square Enix, Ltd., and Take-Two

---

[1] Apple Inc. ("Apple") "seeks to intervene because it is expressly licensed." Motion at 1. Because Apple filed ██

(the "License") under seal, the portions of this response that quote or reference the License have been redacted. An un-redacted version of this response has also been filed under seal. A copy of the License filed under seal is attached as Exhibit A to the Declaration of Jonathan C. Sanders [dkt. no. 4-3] ("Sanders Decl.").

Interactive Software, Inc.  Accordingly, there can be no serious dispute that the defendants will more than adequately represent Apple's purported interest.

In short, the Court has myriad bases for denying Apple's Motion, and the Court should do so now before any additional needless expense and judicial resources are wasted concerning a purported interest that ███████████████████████████████████████████████████

## II.   ARGUMENT

"The movant bears the burden of establishing its right to intervene." *Adams v. Consol. Wood Products Employee Ben. Plan*, No. 2:10-CV-310-TJW, 2011 WL 665821, *4 (E.D. Tex. Feb. 14, 2011).  As discussed in detail below, Apple fails to satisfy its heavy burden because (a) as a threshold matter, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████

(b) as an additional threshold matter, Apple's Motion is premature; (c) Apple is *not* in entitled to intervention as a matter of right under Rule 24(a); and (d) Apple is *not* in entitled to permission intervention under Rule 24(b).

**A.**   *Threshold Matter*: ██████████████████████████████████████████████████████████████████

████████████████████  As a threshold matter, therefore, Apple's Motion should be denied.  But even assuming *arguendo* that ████████████████████████, at the very least, Apple's Motion should be stayed pending discovery concerning whether ████████████████████████████████████████████████████████████████████████[2]

**1.**   **As a Matter of Law,** ████████████████████████████████

Apple asserts that its legally protectable interest — and the underlying basis for its request to intervene — derives from the License.  *See* Motion at 1 ("Apple has an interest in the

---

[2] Apple alleges that, "[b]ecause Apple is licensed to offer products and services that embody the patents in suit to its Developers, under the patent law doctrines of exhaustion and first sale, Developers are entitled to use, free from claims of infringement of the patents in suit."  Proposed Answer at ¶8.  Accepting Apple's allegations as true for purposes of Apple's Motion only, Lodsys does not challenge here Apple's assertions regarding the scope of the license grant (*i.e.*, ████████████████████████████); rather, this response focuses only on whether ████████████████ Lodsys reserves all rights to challenge all of Apple's assertions, if Apple is permitted to intervene.

property that is at the center of this dispute, namely, its license to the patents in suit…."). A patent, however, is "a bundle of rights which may be divided and assigned, or retained in whole or part." *Vaupel Textilmaschinen KG v. Meccanica Euro Italia SPA*, 944 F.2d 870, 875 (Fed. Cir. 1991). "[P]arties are free to assign some or all patent rights as they see fit based on their interests and objectives." *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 630 F. Supp. 2d 365, 372 (D. Del. 2007) (citing *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1348 n.8 (Fed. Cir. 2007).

"To determine whether a patent transfer agreement conveys all substantial rights under a patent to a transferee or fewer than all of those rights, a court must assess the substance of the rights transferred and the intention of the parties involved." *Intellectual Prop. Dev., Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1342 (Fed. Cir. 2001). "In making such a determination, it is helpful to focus on each party's ***collection of sticks*** within the ***bundle of patent rights*** as a result of the agreement." *IP Innovation L.L.C. v. Google, Inc.*, 661 F. Supp. 2d 659, 663 (E.D. Tex. 2009) (emphasis added).

Here,



See, *e.g.*, *Frazier v. Map Oil Tools, Inc.*, No. CIV.A.C-10-4, 2010 WL 2352056, at *2 (S.D. Tex. June 10, 2010) ("Movant's standing to sue and thus its ability to intervene depends in large part on whether it is an exclusive or non-exclusive licensee, and more particularly whether it has the right to prevent others from using and selling the patented product.").

Put simply, 

See, e.g., Ortho Pharm. Corp. v. Genetics Inst., Inc., 52 F.3d 1026, 1031 (Fed. Cir. 1995) (holding that licensee did not acquire required "proprietary sticks from the bundle of patent rights"). Accordingly, Apple's Motion should be denied as a matter of law. See Intel Corp. v. Broadcom Corp., 173 F. Supp. 2d 201, 220 (D. Del. 2001) ("Under Delaware law, the interpretation of a patent license agreement is a question of law.").[3]

**2.     At the Very Least, Apple's Motion Should Be Stayed Pending Discovery.**

"[W]here the provisions of a contract are plain and unambiguous, 'evidence outside the four corners of the document as to what was actually intended is generally inadmissible." Ace Capital v. Varadam Found., 392 F. Supp. 2d 671, 674 (D. Del. 2005).

Here,

Assuming arguendo

then Apple's Motion should be stayed and Lodsys should be allowed to conduct discovery concerning                                              For example,

But Apple failed to provide this Court with

---

[3]

████████████████████████████████ Discovery concerning ████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
██████ *See* Declaration of Christopher M. Huck (the "Huck Decl."), Ex. 1 ("Patentees may also consider including a provision in the license that make validity challenges to a licensed patent a material breach allowing termination.").

Moreover, Apple has repeatedly refused to provide information relevant to its request for intervention.  For example, Apple previously refused to provide even Lodsys's counsel with a complete copy of the License and, instead, redacted all but two paragraphs of the License.  Tellingly, the two (and only two) paragraphs that Apple disclosed did not include ████████  Subsequently, Apple filed the License under seal for attorneys' eyes only, so that Lodsys could not review the actual terms of License, ████████████  Apple's disingenuous conduct and repeated attempts to hide the ball should not be rewarded.  Accordingly, if ████████  ██████████████ then Apple's Motion should be stayed and Lodsys should be allowed discovery concerning (among other issues) ████████████████████████  ████████████

## B.   *Additional Threshold Matter*:  Apple's Motion is Premature.

"Courts should discourage premature intervention that wastes judicial resources." *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994).  Indeed, Rule 24 "does not require the Court to permit intervention based upon speculation that intervention may be useful for protecting one's rights, if the need for such protection should arise at some point in the proceeding." *United States v. Microsoft Corp.*, No. CIV.A.98-1232(CKK), 2002 WL 319784, *2 (D.D.C. Jan. 28, 2002); *see also Ramirez v. Texas Low-Level Radioactive Waste Disposal Auth.*, 28 F. Supp. 2d 1019, 1020-21 (W.D. Tex. 1998) ("The '[r]ipeness doctrine reflects the determination that courts should decide only a 'real, substantial controversy,' not mere hypothetical questions.'").

Intervention is premature where (as here) the defendants have not yet answered the complaint and, thus, the movant (and the Court) can only speculate concerning whether the

5

requirements of Rule 24 are satisfied. *See Flynn v. Hubbard*, 782 F.2d 1084, 1089 (1st Cir. 1986) ("It would be premature to decide now whether the interests asserted by [movants] meet the requirements of Rule 24."); *see also Espy*, 18 F.3d at 1206 ("A better gauge of promptness is the speed with which the would-be intervenor acted when it became aware that its interests would *no longer be protected by the original parties*.") (emphasis added).

Here, Apple moved to intervene only nine days after Lodsys filed its original Complaint. No defendant has answered the original Complaint or Lodsys's Amended Complaint. And there is not even the slightest hint yet that the defendants will inadequately represent Apple's purported interest. In fact, Apple trumpets the "early stage" of this proceeding:

> Apple moved while the case was still *in its infancy*: the lawsuit was filed just over a week ago, the defendants have not yet answered Lodsys's Complaint (indeed, upon information and belief, they have not yet even been served with the summons and Complaint), and *no other significant developments have taken place*.

Motion at 9 (emphasis added). Apple also admits (several times) in its Motion that the defense and declaratory counterclaim raised in its Proposed Answer "will likely be raised by *every defendant*." Motion at 10 (emphasis added). Thus, at this "early stage" in the proceedings, Apple's assertion that its purported interests will not be protected by the defendants is pure speculation. *See Shaunfield v. Citicorp Diners Club, Inc.*, No. 3:04-CV-1087-G, 2005 U.S. Dist. LEXIS 11244, *8-9 (N.D. Tex. June 8, 2005) ("Timeliness for purposes of intervention is determined from the point that the intervenor learns that its interest in the lawsuit would not be adequately protected by the other parties, *not from inception of the case or the date the intervenor learned of the litigation*.") (emphasis added).

Moreover, Apple repeatedly postulates that its "rights will not be adequately protected by the *current defendants* in this case, because Lodsys has chosen to assert these claims against Developers who are individuals or small entities with far fewer resources." Motion at 2 (emphasis added). But the premature nature of Apple's Motion is illuminated by the fact that Lodsys's Amended Complaint names as defendants several large Developers with substantial financial and technical resources, including Electronic Arts (*see* Huck Decl., Ex. 2 (net revenues

6

of $3.589 billion)) and Rovio.  *See* Huck Decl., Ex. 3 (three of five "Top Paid iPad Apps").

Even assuming *arguendo* that Apple's characterization of the original defendants is accurate

(which it is not), Apple cannot seriously dispute that the additional defendants will more than

adequately represent Apple's purported interests.  "Accordingly, inasmuch as [Apple] seek[s] to

intervene in anticipation of an actual need for intervention, the Court shall deny the motion as

premature." *Microsoft*, 2002 WL 319784 at \*2.

**C.    Apple is *Not* Entitled to Intervention as a Matter of Right Under Rule 24(a).**

A movant seeking to intervene as of right under Rule 24(a) must satisfy four

requirements:

> (1) the movant must timely file a motion; (2) the movant must claim an interest in
> the property or transaction that is the subject of the action; and (3) the movant
> must show that disposition of the action may as a practical matter impair or
> impede the applicant's ability to protect that interest; and (4) the movant's interest
> must not be adequately represented by existing parties to the litigation

*S.E.C. v. Provident Royalties, LLC*, CIV. 3:09-CV-1238-L, 2010 WL 27185, \*1 (N.D. Tex. Jan.

5, 2010).  If the movant "fails to meet *any **one** of those requirements*" then it cannot intervene as

of right." *Bush v. Viterna*, 740 F.2d 350, 354 (5th Cir. 1984) (emphasis added).  As discussed

below, here Apple does not (and cannot) satisfy any of the four requirements.

**1.    Apple's Motion is Untimely.**

"The timeliness clock does *not* run from the date the potential intervener knew or

reasonably should have known of the existence of the case into which she seeks to intervene."

*John Doe No. 1 v. Glickman*, 256 F.3d 371, 377 (5th Cir. 2001) (emphasis added).  Rather, "[t]he

timeliness clock runs either from the time the applicant knew or reasonably should have known

of his interest,…or from the time he became aware that *his interest would no longer be

protected by the existing parties to the lawsuit*." *Edwards v. City of Houston*, 78 F.3d 983, 1000

(5th Cir. 1996) (emphasis added).

Here, Apple's Motion is untimely because it is premature.  Indeed, as discussed above,

the underlying theme of Apple's Motion — *i.e.*, that the defendants were supposedly too small

and without adequate resources — has already been proved false by Lodsys's Amended

Complaint. No additional judicial resources should be wasted speculating about whether Apple's request for intervention may some day in the future be ripe. *See Dial v. P'ship for Response & Recovery*, No. 1:09-CV-218, 2010 WL 1054884, *2 (E.D. Tex. Feb. 23, 2010) ("Essentially, ripeness is 'peculiarly a question of timing.'"). Accordingly, Apple's Motion should be denied as moot or, at the very least, stayed until the defendants have answered Lodsys's Amended Complaint.

2.      **Apple Lacks Any Direct, Substantial and Legally Protectable Interest.**

"To meet the second requirement for Rule 24(a)(2) intervention, a potential intervenor must demonstrate that he has an interest that is related to the property or transaction that forms the basis of the controversy." *James v. Harris County Sheriff's Dept.*, No. CIV.A. H-04-3576, 2005 WL 1878204, *2 (S.D. Tex. Aug. 9, 2005). "Not any interest, however, is sufficient; the interest must be "***direct, substantial, [and] legally protectable***." *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004) (emphasis added). "Economic interest alone is insufficient, as a legally protectable interest is required for intervention under Rule 24(a)(2)." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984). "Further, the interest must be 'one which the substantive law recognizes as belonging to or being owned by the applicant.'" *Ouch v. Sharpless*, 237 F.R.D. 163, 166 (E.D. Tex. 2006).

Here, Apple asserts that it has satisfied the second requirement because it "holds a license to the patents in suit" and because this action allegedly "disrupted" Apple's relationship with Developers "and places in jeopardy the revenue that Apple derives from those relationships." Motion at 10-11. Apple's assertions fail for several reasons.

First, Apple asserts that its "[l]icense rights" are "protectable under the law." Motion at 10. But, as discussed above, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

8

*See Adams*, 2011 WL 665821 at *4 ("intervention is improper where the intervenor does not itself possess the only substantive legal right it seeks to assert in the action").

Second, relying on cases involving the relationship between manufacturers and customers, Apple asserts that "Courts have consistently held that a legally sufficient interest is implicated." Motion at 11. But the authority on which Apple relies is inapposite, because the defendants (and other Developers) are *not* Apple's customers.   In fact, based on a review of publically available information, it appears that (at Apple's insistence) Apple and the Developers expressly "acknowledge and agree that their relationship under this Schedule 1 is, and shall be, that of principal and agent, and that [Developers], as principal, are, and shall be, ***solely responsible for any and all claims and liabilities involving or relating to, the Licensed Applications*** ...."   Huck Decl., Ex. 4 ("iPhone Developer Program License Agreement") at Schedule 1, ¶1.3.[4]  And, contrary to Apple's assertions in its Motion, Apple expressly disclaims any relationship between Developers and Apple *except* for Developers as principals. *See id.* at ¶15.4 ("Except for the agency appointment as specifically set for in Schedule 1 (if applicable), this Agreement ***will not be construed as creating any other agency relationship, or partnership, joint venture, fiduciary duty, or any other form of legal association*** between You and Apple....") (emphasis added).   Thus, by Apple's design, the relationship between Apple and the Developers is the complete opposite of the manufacturer and customer relationship.

Third, Apple asserts "this litigation has fundamentally disrupted Apple's relationships with the Developers and with other developers." Motion 11.  But Apple does not even attempt to qualify or quantify the alleged "disruption" and, in any event, an interest must be more concrete. *See Rigco, Inc. v. Rauscher Pierce Refsnes, Inc.*, 110 F.R.D. 180, 183 (N.D. Tex. 1986) ("The term 'interest' is narrowly read to mean a direct and substantial interest in the proceedings.").

Fourth, Apple asserts that "[t]he potential loss of revenue, developers, or goodwill provides yet another independent basis" for intervention.  Motion at 11.  But "something more

---

[4] This Court may review matters of public record and documents referenced in, but not attached to, Apple's Proposed Answer. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

than an economic interest is necessary." *Adams*, 2011 WL 665821 at *4 (emphasis added). Indeed, "courts in this circuit have found interests to be purely economic and insufficient under Rule 24(a)(2) when the party seeking to intervene fails to assert a claim for which it is the real party in interest." *In re Babcock & Wilcox Co.*, No. CIV. A. 01-912, 2001 WL 1095031, *4 (E.D. La. Sept. 18, 2001); *see also Bouchard v. Union Pac. R. Co.*, No. CIV.A.H-08-1156, 2009 WL 1506677, *2 (S.D. Tex. May 28, 2009) ("This requires a showing of something more than a mere economic interest; rather, the interest must be 'one which the substantive law recognizes as belonging to or being owned by the applicant.'").

Fifth, relying on *Negotiated Data Solutions, LLC v. Dell, Inc.*, No. 2:06-cv 528 (E.D. Tex. Oct. 23, 2008), and *U.S. Ethernet Innovations, LLC v. Acer, Inc. et al.*, No. 6:09-cv-448 (E.D. Tex. May 10, 2010), Apple asserts that, "under these exact circumstances, courts in this district have concluded that intervention as a matter of right is appropriate." Motion at 8. But Apple seriously overstates the application of both cases. For example, the motion to intervene in *Negotiated Data Solutions* was partially unopposed, the Order itself (Sanders Decl., Ex. D) is one paragraph and does not contain the Court's analysis, and the underlying briefing is under seal, so there is no way to glean any further information. Similarly, in *U.S. Ethernet Innovations*, the Court's Order (Sanders Decl., Ex. E) focused on Intel's (the proposed intervenor) indemnification obligations with the defendants as establishing a legal relationship and Intel was apparently not licensed by the plaintiff, so a finding of infringement could implicate Intel's products. Neither factor is applicable here, because Apple does not assert any indemnification obligations and Apple is licensed.[5]

Because Apple lacks any direct, substantial and legally protectable interest, Apple's Motion should be denied.

---

[5] Apple admits that "indemnification obligations are sometimes at issue in cases under Rule 24(a)." Tellingly, however, Apple does not discuss its *lack of* indemnity obligations to the Developers. Indeed, although Apple's Motion hints that it may have obligations to the Developers, the opposite is true because Apple has required *the Developers* to "agree to indemnify, defend and hold harmless Apple ... from any and all claims, losses, liabilities, damages, expenses and costs ... as a result of ... any claims that [Developers'] Applications or the distribution, sale, offer to sale, use or importation of [Developers'] Applications (whether alone or as an essential part of a combination) ... infringe any third party intellectual property or proprietary rights...." Huck Dec., Ex. 4 at ¶11.

### 3.   Apple's Purported Interest Will *Not* Be Impaired Absent Intervention.

Apple asserts that, unless it is allowed to intervene, its interests will be impaired because "[a] finding that Lodsys is permitted to assert infringement claims against the Developers ... would effectively negate Apple's license rights."   Regardless of whether Apple is allowed to intervene, however, this Court can (and should) permit Lodsys to assert infringement claims against the defendants.   In other words, Apple's presence in this action is not dispositive of that question.   Instead, the relevant question for purposes of Apple's Motion is whether the defendants will raise the same issues of patent exhaustion raised in Apple's Proposed Answer. Apple has repeatedly answered that question in the affirmative: "it is clear that both Apple and the existing defendants will raise issues of patent exhaustion and first sale." Motion at 14.

Apple also asserts that without intervention this action will "harm Apple's ability to preserve its substantial economic interest in its Developer relationships and sales of its licensed products and services."   Motion at 12.   But, as discussed above, economic interests are insufficient. *See Lincoln Gen. Ins. Co. v. Aisha's Learning Ctr.*, No. CIV.A. 3:04-CV-0063B, 2004 WL 2533575, *2 (N.D. Tex. Nov. 9, 2004).   Apple's bald prediction that it could possibly lose money, relationships, or sales is also too speculative to satisfy Apple's burden. *See Taylor Communications Group, Inc. v. Sw. Bell Tel. Co.*, 172 F.3d 385, 388-89 (5th Cir. 1999) ("Taylor's interest in the underlying litigation is too speculative and general to support intervention as of right."); *Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96-97 (2d Cir. 1990) ("interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule").

Because Apple's purported interest will not be impaired absent intervention, Apple's Motion should be denied.

### 4.   Apple's Purported Interest is More Than Adequately Represented.

Apple asserts that "its burden in demonstrating that the existing defendants will not adequately represent its interests is 'minimal.'"   Motion at 12.   But Apple ignores that the Fifth

Circuit has cautioned that however "'minimal' this burden may be, it cannot be treated as so minimal as to write the requirement completely out of the rule." *Bush v. Viterna*, 740 F.2d 350, 355 (5th Cir. 1984). Indeed, "[w]hile the presumption may be rebutted on a relatively minimal showing, [Apple] must 'produce something more than speculation as to the purported inadequacy.'" *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).

Apple also ignores that "[t]he test in the Fifth Circuit is that 'when the party seeking intervention has the same ultimate objective as a party to the suit, *a presumption arises that its interests are adequately represented*, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *United States v. Texas Educ. Agency (Lubbock Indep. Sch. Dist.)*, 138 F.R.D. 503, 506 (N.D. Tex. 1991) (emphasis added). And here Apple admits that the defendants share the same ultimate objective: "Apple's proposed Answer in Intervention asserts a single defense and declaratory counterclaim, both based on the patent law doctrines of exhaustion and first sale. Based on Lodsys's infringement allegations, these *very same issues* will likely be *raised by every defendant*." Motion at 10 (emphasis added).

Apple does not (and cannot) rebut the presumption of adequate representation with any evidence of collusion. *See Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1288 (5th Cir. 1987) (finding adequate representation based on presumption). Apple's assertions regarding alleged "adversity of interest" and "nonfeasance" also fail for several reasons.

<u>First</u>, Apple asserts that "the Developers lack the resources to fully and fairly litigate the issue of whether Lodsys's claims are exhausted." Motion at 12. Apparently Apple believes it is entitled to intervene simply because it is allegedly larger and has more money than some of the defendants. But that is not the test, and Apple's assertion is far too speculative. *See Villas at Parkside Partners v. City of Farmers Branch*, 245 F.R.D. 551, 555 (N.D. Tex. 2007) ("While FAIR argues that the city lacks financial resources, without more, the court does not determine that this is enough to overcome the presumption that the city can defend its interests and those of its residents."); *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 181 (2d Cir. 2001)

12

("we do not believe the limited financial outlays provided here by Butler necessarily prove GBJ's inability to litigate this case effectively in the future"); *Shea v. Angulo*, 19 F.3d 343, 348 (7th Cir. 1994) ("actions thus far have not indicated inability to pursue the litigation").[6]

Second, although they may not be as large as Apple, even the defendants named in Lodsys's original Complaint are not without significant financial resources.  For example, Illusion Labs has publically disclosed that its total revenue for fiscal year-ended June 30, 2010 was (US) $5.1 million, with total assets of (US) $4.6 million.  *See* Huck Decl., Ex. 5.  And Quickoffice purports to have "[i]nstalled on over 300 million devices in more than 180 countries."  *See* Huck Decl., Ex. 6.  In any event, any assertion that the defendants are "small entities with limited resources" (Motion at 12) is belied by Lodsys's Amended Complaint, which names some of the largest (and financially significant) Developers in the world.

Third, Apple asserts that the "interests of Apple and the Developers in this litigation may ultimately diverge."  Motion at 13.  But the mere possibility that, in the future, "the interests of the defendants and [proposed intervenor] might clash does not demonstrate the necessary adverse interest."  *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 968 (5th Cir. 1978).

Fourth, Apple asserts that "[w]hile the Developers will likely be interested in resolving this case as quickly and inexpensively as possible, Apple's interest is in protecting its broader license rights [against] future Lodsys lawsuits or threats."  Motion at 13.  "However, the mere possibility that a party may at some future time enter into a settlement cannot alone show inadequate representation."  *Bush*, 740 F.2d at 358.  And a settlement by any defendant would not create precedent unfavorable to Apple.[7]

---

[6] Apple relies on *Teague v. Bakker*, 931 F.2d 259 (4th Cir. 1991).  But there, two defendants did not retain counsel, were in federal prison, and "without any income except the minimal income provided federal prisoners of approximately eleven cents per hour."  And the other defendant described herself as "'of quite modest means' and as one who 'lives and works in a poor south Bronx neighborhood' as a minister of a small church."  931 F.2d at 262.

[7] Apple relies on *John Doe No. 1 v. Glickman*, 256 F.3d 371 (5th Cir. 2001), and *Heaton v. Monogram Credit Card Bank of Georgia*, 297 F.3d 416 (5th Cir. 2002).  But in each of those cases, the "broader" interest was the government agencies' (as opposed to a private party's) obligation to be legally accountable to the public as a whole.  In sharp contrast here, Apple's desire to assert the doctrines of patent exhaustion and first sale is (by Apple's own admission) identical to the defendants.

13

Fifth, Apple asserts that it has "superior" technical information and expertise. *See* Motion at 14.   But (again) Apple prematurely filed its Motion before Lodsys's Amended Complaint, which includes large developers with substantial technical resources and expertise. In addition, there is no reason that Apple must be a party to this action to deploy its information and expertise on behalf of the defendants. *See Texas Educ. Agency*, 138 F.R.D. at 506.   Except to the extent ███████████████████████, Apple is free to informally advise the defendants or petition for *amicus* status where appropriate. *See Bush*, 740 F.2d at 359 (finding "the position of amicus … more appropriate").

Because Apple's purported interest is more than adequately represented, Apple's Motion should be denied.

**D.     Apple is *Not* Entitled to Permissive Intervention Under Rule 24(b).**

A movant seeking permissive intervention under Rule 24(b) must satisfy three requirements: "(1) the movant must show an independent ground for jurisdiction; (2) the motion must be timely; and (3) the movant's claim or defense and the main action must have a question of law and fact in common." *Hopwood v. State*, No. CIV. A-92-CA-563-SS, 1994 WL 242362, *2 (W.D. Tex. Jan. 20, 1994).   "[A]n additional factor to be considered in determining permissive intervention is 'whether the intervenors' interests are adequately represented by other parties.'" *Texas Educ. Agency*, 138 F.R.D. at 508.   "The denial of permissive intervention [is] also appropriate [where] the Proposed Intervenors bring no new issues to this action." *Ingebretsen on Behalf of Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 281 (5th Cir. 1996).   Finally, the Court must consider "whether intervention will unduly delay the proceedings or prejudice existing parties." *Kneeland*, 806 F.2d at 1289.

Apple asserts that it is entitled to permissive intervention "because Apple's proposed defense and counterclaim present numerous questions of law and fact." Motion at 14. But "[t]he existence of a common question of law or fact does not automatically entitle an applicant to intervene." *Texas Educ. Agency*, 138 F.R.D. at 507.   Rather, "[p]ermissive intervention 'is *wholly discretionary* with the [district] court ... even though there is a common question of law

14

or fact, or the requirements of Rule 24(b) are otherwise satisfied." *New Orleans Pub. Serv.*, 732 F.2d at 470-71 (emphasis added); *see also Adams*, 2011 WL 665821 at *5 ("Aside from these requirements, the decision whether to grant intervention under Rule 24(b) depends on the facts of each case and is entirely within the court's discretion.").

Here, several factors preclude permissive intervention.  Apple cannot demonstrate an independent ground for jurisdiction because (as discussed above) ███████████████████ ████████████████████████████████████ *See State v. Am. Tobacco Co.*, No. 5-98CV-270, 1999 WL 1022129, *2 (E.D. Tex. Nov. 5, 1999) ("courts of this circuit have looked to the standing requirements of Article III").  Apple's Motion is also untimely because it is premature. Apple's purported interest will be more than adequately represented by the defendants.  Apple admits that it brings no new issues.  *See Bush*, 740 F.2d at 359 ("Where he presents no new questions, a third party can contribute usually most effectively and always most expeditiously by a brief amicus curiae and not by intervention.").  And, although "these very same issues will likely be raised by every defendant" (Motion at 10), Apple's admitted reason for intervention is to use its allegedly "far superior resources" (Motion at 13), apparently for no other reason than to burden Lodsys and this proceeding.  *See* Fed. R. Civ. P. 24 ("In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.").  Accordingly, this Court should exercise its broad discretion and deny Apple's request for permissive intervention.[8]

### III.   CONCLUSION

████████████████████████████████████████████████████████████████████ Apple's economic interest is insufficient.  And there can be no serious dispute that the defendants will adequately represent Apple's purported interest.  For all of the above reasons, Apple's Motion should be denied.

---

[8] Apple relies on *TiVo Inc. v. AT&T Inc.*, No. 2:09-cv-259 (E.D. Tex. Mar. 31, 2010). But there "TiVo, through its own admission, d[id] not oppose Microsoft's intervention." *See* Sanders Decl., Ex. 5 at 6.

Dated:  July 27, 2011.      Respectfully Submitted,

         By:  /s/ Christopher M. Huck
             Michael A. Goldfarb
             (admitted *pro hac vice*)
             Christopher M. Huck
             (admitted *pro hac vice*)
             KELLEY, DONION, GILL,
             HUCK & GOLDFARB, PLLC
             701 Fifth Avenue, Suite 6800
             Seattle, Washington 98104
             Phone:  (206) 452-0260
             Fax:  (206) 397-3062
             Email: goldfarb@kdg-law.com
                huck@kdg-law.com

             William E. "Bo" Davis, III
             Texas State Bar No. 24047416
             THE DAVIS FIRM, PC
             111 West Tyler Street
             Longview, Texas 75601
             Phone:  (903) 230-9090
             Fax:  (903) 230-9090
             Email:  bdavis@bdavisfirm.com

             **Attorneys for Plaintiff Lodsys, LLC**

## CERTIFICATE OF FILING UNDER SEAL

The undersigned certifies that an un-redacted version of the foregoing document was filed under seal, pursuant to this Court's June 21, 2011 Order Granting Apple Inc.'s Motion For Leave To File Under Seal Exhibit A To the Declaration Of Jonathan C. Sanders In Support Of Apple Inc.'s Motion To Intervene [dkt. no. 12] (the "Order"). The redacted portions of the foregoing document, and the un-redacted version of the forgoing document filed under seal, quote or reference the document the Court's Order requires to "be maintained under seal."

By:     /s/ Christopher M. Huck
        Christopher M. Huck


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this response was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 27th day of July 2011.

By:     /s/ Christopher M. Huck
        Christopher M. Huck

17