UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LODSYS, LLC, | CIVIL ACTION NO. 2:11-cv-272-TJW |
| Plaintiff, | **HEARING REQUESTED** |
| v. | |
| ATARI INTERACTIVE, INC.; COMBAY, INC.; ELECTRONIC ARTS, INC.; ICONFACTORY, INC.; ILLUSION LABS AB; MICHAEL G. KARR D/B/A SHOVELMATE; QUICKOFFICE, INC.; ROVIO MOBILE LTD.; SQUARE ENIX LTD.; TAKE-TWO INTERACTIVE SOFTWARE, INC., | |
| Defendants. | |

**APPLE INC.'S REDACTED REPLY IN SUPPORT OF MOTION TO INTERVENE**

Lodsys's opposition fails to rebut the appropriateness of Apple's intervention. Lodsys does not contest that Apple's technology and Apple's interest in protecting the value of its License lie at the heart of this case, that the present defendants lack the technical information and expertise regarding that technology and the License to fully and fairly develop the exhaustion defense, and that Apple's proposed defense and counterclaim share numerous common issues of law and fact with the existing suit.  Thus, Apple's motion to intervene should be granted.[1]

## ARGUMENT

### I. Lodsys's License Argument Is Both Baseless and Irrelevant at This Stage

███████████████████████████████████████████
█████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████████████████
███████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████████
███████████████████████████████████████████

---

[1] All defined terms in Apple's opening brief will have the same meaning when used herein.

███████████████████████████████████████████████████████
██████████████████████.²

Third, ██████████████████████████, disputed issues of contractual interpretation or intent cannot be resolved on a motion to intervene. *See, e.g., Mendenhall v. M/V Toyota Maru No. 11 v. Panama Canal Co.*, 551 F.2d 55, 56 n.2 (5th Cir. 1977) (all non-conclusory allegations must be accepted as true when considering intervention). The motion cannot be stayed pending discovery, as Lodsys argues, Opp. at 4-5, because "the factual allegations of the complaint are assumed to be true," and as a result, "discovery on [the] claims before ruling on the motion to intervene is as irrelevant as it would be if made in the context of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Pin v. Texaco, Inc.*, 793 F.2d 1448, 1450 (5th Cir. 1986).³ Factual issues concerning the construction of this provision must be resolved on the merits, not at the pleading stage on a motion to intervene.

## II. Apple Has Met the Requirements for Intervention of Right

### A. Lodsys Concedes That Apple's Motion Was Not Filed Too Late

Lodsys's argument that the Motion is premature is similarly flawed. First, Apple's interest in the litigation is far from speculative. Indeed, Lodsys does not even dispute Apple's statements that its technology lies at the heart of this case. *See* Opp. at 5-7. The circumstances here are, therefore, far different from those described in the cases cited by Lodsys,

---

² Lodsys's reliance on case law regarding non-exclusive licensees' standing to assert the patents is irrelevant. *Cf., e.g., Frazier v. Map Oil Tools*, 2010 WL 2352056, at *4 (S.D. Tex. June 10, 2010) (finding movant seeking to intervene as plaintiff in infringement action lacked standing due to non-exclusive licensee status). Apple seeks to intervene to protect its rights under the License, not to assert the patents against any third party.

³ Lodsys also contends that Apple has "repeatedly refused to provide information relevant to its request for intervention." Opp. at 5. But Apple provided a complete copy of the License as Exhibit A to its supporting declaration. *See generally* Sanders Decl., Ex. A.

where the intervenor did not even know whether its interests would ultimately be implicated;[4] there is no dispute here that Apple's license and exhaustion defense will be central to this case.

Second, no authority cited by Lodsys holds that a motion to intervene can be "untimely" because it is too early. On the contrary, Lodsys fails to distinguish or rebut *Sierra Club v. Glickman*, 82 F.3d 106, 109 n.1 (5th Cir. 1996), cited in Apple's opening brief at page 9, where the court held, "[t]he timeliness requirement only bars intervention applications made too late." Finally, even if a motion to intervene could ever be filed too early, Lodsys's argument would still fail because it has not articulated any prejudice resulting from Apple's Motion.

### B. Apple's Interest Is More Than Economic

Lodsys's argument that Apple has identified nothing more than an "economic" interest in the case, Opp. at 8-10, simply ignores the authorities cited by Apple in its opening brief, which hold unambiguously that a license is ***itself*** a sufficient property interest as a matter of law. *See* Motion at 10-11 and cases cited therein. Instead, Lodsys relies on cases that are unrelated to license rights and thus irrelevant here. *See, e.g.*, *Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004) (prosecutor had insufficient interest in *habeas* case). Moreover, even if Apple were not licensed, courts have held expressly that intervention to protect a supplier's customers from infringement claims is itself "necessary for the protection of its interest." *Chandler & Price Co. v. Brandtjen & Kluge, Inc.*, 296 U.S. 53, 55 (1935).

Lodsys also argues that Apple's interest is insufficient because there is no indemnification obligation here, and because Apple is formally referred to as the "agent" of the

---

[4] *E.g.*, *U.S. v. Microsoft Corp.*, 2002 WL 319784, at *2 (D.D.C. Jan. 28, 2002) (motion to intervene related to potential motions in the main action that had not yet even been filed). Lodsys also attempts to rely on cases that do not even relate to intervention and thus have no bearing here. *See, e.g., Ramirez v. Tex. Low-Level Radioactive Waste Disposal Auth.*, 28 F. Supp. 2d 1019, 1020-21 (W.D. Tex. 1998) (on standing generally, not motions to intervene).

3

developers in the context of a separate Developer Agreement. Opp. at 9. But Lodsys cites not a single authority for the proposition that an indemnification clause is required for a sufficient property interest, and, as set out in Apple's opening brief and uncontested here, none of the cases in this area have found any such requirement. *See* Motion at 10-11. Similarly, the fact that Apple refers to itself as an "agent" of developer "principals" in other contexts is irrelevant to this motion; Apple provides products and services to the App Makers in exchange for payment, precisely the type of supplier-customer relationship courts have found sufficient to permit intervention. *See id.* Finally, even if Lodsys's argument had any merit, the Court cannot at this stage make a factual determination regarding disputed terms of a different contract outside the pleadings. *Mendenhall*, 551 F.2d at 56 n.2. Those issues must be resolved through discovery.

### C. Apple's Interest Will Inevitably Be Impaired Absent Intervention

Lodsys' contention that Apple's interest is too speculative to justify intervention at this stage ignores the pleadings. Opp. at 11. Apple has sufficiently alleged impairment of its interests: Apple's License lies at the heart of this case, Lodsys has already sued numerous significant Apple customers and threatened dozens of others, and a boycott of some of Apple's core products by App developers has been proposed. *See* Supp. Sanders Decl. ¶ 3, Ex. A, ¶ 9; *Mendenhall*, 551 F.2d at 56 n.2 (allegations must be accepted as true).

### D. None of the Defendants Possess Sufficient Knowledge, Expertise, or Incentive To Adequately Protect Apple's Interests

Lodsys also argues that the present defendants can now adequately represent Apple's interests, because Lodsys added several larger defendants—after Apple filed its motion—who will argue exhaustion. Opp. at 11-14. On any motion to intervene, the parties will assert common defenses; it is the difference in expertise, objectives, and resources, all of which are present here, that renders intervention proper. Although some of the new defendants may

have greater resources than the original defendants, Lodsys does not contest the fact that none of the defendants have the technical information, expertise, and knowledge regarding *how Apple's technology works* or the negotiation and intent of the License itself to fully articulate and develop Apple's exhaustion defense. Motion at 12-14 and cases cited therein. This distinction alone is sufficient. *Honeywell Int'l v. Audiovox Commc'ns Corp.*, 2005 WL 2465898, at *4 (D. Del. May 18, 2005) ("[B]ecause [intervenor] is uniquely situated to understand and defend its own product, its interests are not adequately represented by existing parties to the litigation.").

**III.   Apple Has Met The Requirements For Permissive Intervention**

Finally, the Court should allow permissive intervention because Lodsys disputes none of the facts or law set out in Apple's opening brief establishing that permissive intervention is appropriate. To the contrary, Lodsys concedes that Apple's Motion raises many common issues of law and fact to those likely to be raised by the parties to this action. Opp. at. 14-15. Lodsys does not distinguish any of the cases in this district that have allowed intervention under these precise circumstances, and does not offer a single authority to the contrary. *See id.*[5]

In addition, Lodsys offers no legal, factual, or logical explanation for why it would be more efficient to resolve the complex issues surrounding Apple's License without Apple in this case. The Court should follow the case law of this district and circuit and exercise its discretion to allow intervention under Rule 24(b).

---

[5]   Lodsys quibbles with Apple's citations to *TiVo Inc. v. AT&T Inc.*, *Negotiated Data Solutions, LLC v. Dell, Inc.*, and *U.S. Ethernet Innovations, LLC v. Acer, Inc. et al.* on the grounds that certain aspects of the motions were unopposed, one of the orders was not long enough for Lodsys's liking, and in one case *some*—but not all or even most—of the defendants had potential indemnification claims. Opp. at 10, 15. But not one of those cases depended on an indemnification obligation, and Lodsys distinguishes none of them on the merits. Lodsys also misleadingly suggests that the underlying briefing in *Negotiated Data* was unopposed and under seal, when Intel's reply is publicly available and clearly sets out the disputed issues. *See Negotiated Data Solutions v. Dell, Inc.*, Civ. A. No. 2:06-CV-528 (CE) (Docket No. 124) (Sept. 17, 2008).

Dated:  August 8, 2011                            Respectfully submitted,

                                                  By  /s/Melissa Richards Smith
                                                  Melissa Richards Smith
                                                  Texas State Bar No. 24001351
                                                  GILLAM & SMITH, L.L.P
                                                  303 South Washington Avenue
                                                  Marshall, Texas 75670
                                                  Telephone: (903) 934-8450
                                                  Facsimile: (903) 934-9257
                                                  E-mail: melissa@gillamsmithlaw.com

                                                  George M. Newcombe (admitted *pro hac vice*)
                                                  Jonathan C. Sanders (admitted *pro hac vice*)
                                                  SIMPSON THACHER & BARTLETT, LLP
                                                  2550 Hanover Street
                                                  Palo Alto, CA 94304
                                                  Tel: (650) 251-5000
                                                  Fax: (650) 251-5002
                                                  gnewcombe@stblaw.com
                                                  jsanders@stblaw.com

                                                  **Counsel for Intervenor Defendant and Counterclaim Plaintiff Apple Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 8th of August, 2011.

                                                  */s/ Melissa Richards Smith*
                                                  *Melissa Richards Smith*