IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LODSYS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-cv-272 |
| | § | |
| ATARI INTERACTIVE, INC.; | § | |
| COMBAY, INC.; | § | |
| ELECTRONIC ARTS INC.; | § | |
| ICONFACTORY, INC.; | § | |
| ILLUSION LABS AB; | § | |
| MICHAEL G. KARR D/B/A SHOVELMATE; | § | |
| QUICKOFFICE, INC.; | § | |
| ROVIO MOBILE LTD.; | § | |
| RICHARD SHINDERMAN; | § | |
| SQUARE ENIX LTD.; | § | |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF LODSYS, LLC'S *REDACTED* SURREPLY TO
APPLE INC.'S REPLY IN SUPPORT OF MOTION TO INTERVENE**

**REDACTED VERSION**

A.   **Apple Ignores the Plain and Unambiguous Terms of the License.**

Apple asserts that "Lodsys's License Argument" is supposedly irrelevant "for at least three reasons." Reply In Support Of Motion To Intervene [dkt. no. 35] (the "Reply") at 1. As discussed below, each of Apple's "three reasons" fails as a matter of law.

1.   **The Defendants *and* Lodsys are Each a ■■■■■■■■■■.**

Apple asserts that ■■■■■■■■■■ Reply at 1. But, as a threshold matter, Apple does not dispute (nor could it) that each of the defendants is a ■■■■■■■■■■. Apple also does not dispute (nor could it) that *at least* one (if not all) of the defendants ■■■■■■■■■■. In fact, several defendants filed a purported statement in support of Apple's motion to intervene expressly stating that they dispute that "the Asserted Patents are *valid*, enforceable and infringed." *See* Statement In Support of Apple's Motion To Intervene [dkt. no. 37] ("Supporting Statement") at 2 (emphasis added). Accordingly, because the defendants are each a ■■■ under the plain and unambiguous terms of the License, for that reason alone, Apple's Motion should be denied as a matter of law.[1]

Moreover, Apple's assertion that somehow Lodsys is not a ■■■■■■■■■■ is legally and factually without merit for several reasons.

First, under the plain and unambiguous terms of the License, the parties to the License are ■■■■■■■■■■. Apple cannot transform Lodsys into a ■■■ by ignoring (or changing) the plain and unambiguous terms of the License. *See, e.g., AES Puerto Rico, L.P. v. Alstom Power, Inc.*, 429 F. Supp. 2d 713, 717 (D. Del. 2006) ("if the language of a contract is plain and unambiguous, a court should construe the contract according to its terms").

---

[1] Defendants have not yet answered the complaint. But there can be no serious dispute that *at least* one of the defendants (*i.e.*, ■■■■■■) will assert one or more counterclaims (*i.e.*, ■■■■■■) for invalidity. The fact that defendants have not yet answered the complaint only highlights why Apple's Motion is premature. If the Court has any doubt concerning whether *at least* one of the defendants — ■■■■■■■■■■ — will file one or more counterclaims ■■■■■■■■■■, then the Court should deny Apple's Motion as premature or stay a decision on Apple's Motion until each of the defendants has answered the complaint.

1

Second, Apple does not allege that Lodsys is a party to the License or even an assignee of the License. Instead, Apple alleges only that "Lodsys purchased the patents in suit subject to Apple's License." *See* Apple Inc.'s [Proposed] Answer and Counterclaim [dkt. no. 27-2] at ¶3. If an entity is not a party to the contract, then by definition such an entity is a ███████████. In fact, "in the realm of contracts generally, ***the term 'third party' is commonly understood to mean a nonparty to the contract***, that is, a person or entity that was not a party or signatory to the contract." *Tribal Consortium, Inc. v. Pierson*, No. CIV-06-238-D, 2009 WL 5194374, *9 (W.D. Okla. Dec. 28, 2009) (emphasis added).

Third, Apple bases its entire argument that Lodsys is not a ███████ *solely* on the following assertion: "███████████████████████████████████." Reply at 1. But Apple does not identify what Lodsys *is* if not a ███████. Apple offers no authority for its bald assertion that ███████████████████████████████████. And Apple offers no further explanation for its bizarre and unsupported assertion. Put simply, Apple's size and financial position as the most valuable company in the world does not provide grounds for Apple to ignore, change, or delete the plain and unambiguous terms of the License.

Fourth, if Apple is correct that ███████████████████████████████████████████████████, then accepting Apple's unsupported assertion would eviscerate the legal doctrine of third party beneficiaries. *See, e.g., Rottlund Homes of New Jersey, Inc. v. Saul, Ewing, Remick & Saul, L.L.P.*, 243 F. Supp. 2d 145, 153 (D. Del. 2003) ("Under this doctrine, an individual who is not a party to a contract has standing to enforce the contract under certain circumstances.").

Fifth, Apple's unsupported assertion that Lodsys is not a ███████ is belied by the fact that Apple filed the License under seal and then moved to maintain the License under seal for attorneys' eyes only, precluding even Lodsys from reviewing the License. *See* Apple Inc.'s Motion For Leave To File Under Seal [dkt. no. 5]. If Lodsys is not a ███████ (as Apple now asserts), then Apple has no basis for precluding Lodsys from reviewing the License.

Finally, if the Court accepts Apple's unsupported assertion that Lodsys is something other

2

than a ▉ (e.g ▉), then Apple cannot also prevent Lodsys from enforcing the ▉, which Apple does not dispute are triggered by participating in a ▉. In short, Apple and the developers are relying on a License that is most likely void.

### 2. The Defendants ▉ the Validity of the Patents, and Lodsys's Infringement Claims ▉ the Validity of the Patents.

Apple asserts that, "▉." Reply at 1-2. But again, as a threshold matter, Apple does not dispute (nor could it) that *at least* one (if not all) of the defendants ▉ the validity of the patents. For example, a declaratory judgment counterclaim for invalidity would plainly be an ▉ the validity of the patents. Accordingly, for that reason alone, Apple's Motion should be denied.[2]

Moreover, Apple ignores that ▉. Apple does not dispute (nor could it) that Lodsys's infringement claims against defendants ▉ the validity of the patents. As discussed above, Apple cannot ignore (or delete) the plain and unambiguous terms of the License. *See Marino v. Cross Country Bank*, 2007 WL 1810485, *2 (D. Del. June 25, 2007).

### 3. Apple Fails to Satisfy Its Heavy Burden.

Apple asserts that, "▉." Reply at 2. Apple, however, "disputes" two (and only two) terms of the License — *i.e.*, "▉" and "▉." As discussed above, those two terms are unambiguous and Apple's unsupported assertions fail as a

---

[2] ▉. *See, e.g.*, *In re Combustion Eng'g, Inc.*, 366 F. Supp. 2d 224, 231 (D. Del. 2005) ("the Court is guided by the principle that it should avoid interpreting contractual language in such a way as to render any term of the contract meaningless or superfluous").



matter of law. But even assuming *arguendo* that ▇ is found to be ambiguous, Apple ignores that it "bears the burden of establishing its right to intervene." *Adams v. Consol. Wood Products Employee Ben. Plan*, 2:10-CV-310-TJW, 2011 WL 665821, *4 (E.D. Tex. Feb. 14, 2011). Here, Apple has failed to provide this Court with copies of ▇  Tellingly, Apple does not dispute that ▇ are triggered by participating in ▇ the validity of the patents. The Court is not required to accept as true Apple's conclusory allegations that are contradicted by documents referenced in, but not attached to, Apple's Proposed Answer. *See Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). Accordingly, if ▇ is found to be ambiguous, then Apple's Motion should be stayed pending discovery. *At the very least*, Apple should be required to provide this Court with the ▇ *before* ruling on Apple's Motion.[3]

**B.  Apple Ignores the Infringement Claims and the Plain and Unambiguous Terms of Its Own Agreements with Developers.**

Apple repeatedly asserts that supposedly "Lodsys does not contest that Apple's technology" lies at the "heart of this case." Reply at 1. But Apple ignores that the applications made, used, and sold by defendants (and not Apple) are "***configured to elicit***, from a user, information about the user's perception of the ***commodity***." *See* Claim 1 of U.S. Patent No. 7,222,078. The defendants (and not Apple) make, use, and sell the configured applications to end-users. And the "commodity" is the application made, used, and sold by defendants, not Apple's technology. Accordingly, Apple's technology is *not* the "heart of the case."

Similarly, Apple's assertion that only it knows "how Apple's technology works" (*see* Reply at 5) is irrelevant, because the defendants obviously know how they make, sell, and use the infringing applications. And Apple ignores the presumption that its purported interest is adequately

---

[3] Relying on *Pin v. Texaco, Inc.*, 793 F.2d 1448 (5th Cir. 1986), Apple asserts discovery is improper. *See* Reply at 2. But in *Pin*, the proposed plaintiff-intervenor requested discovery concerning the claims he asserted against defenddants in his proposed complaint. *See* 793 F.2d at 1450.

represented where (as here) the defendants have identical objectives. *See United States v. Texas Educ. Agency (Lubbock Indep. Sch. Dist.)*, 138 F.R.D. 503, 506 (N.D. Tex. 1991).

Apple also asserts that supposedly its interests are more than economic. *See* Reply at 3. But then, hoping to avoid the plain and unambiguous terms of its agreements with developers, Apple focuses on the "exchange of payment" with developers. *See* Reply at 4. Apple also ignores that, in its opening Motion, Apple asserted that the "harm" absent intervention is Apple's inability "to preserve its substantial *economic interest* in its Developer relationships and sales." Motion at 11.

Moreover, Apple again asserts that its purported supplier-customer relationship with developers is sufficient. *See* Reply at 3-4. But Apple ignores the plain and unambiguous terms of its own agreements with developers that expressly disclaim any such relationship. *See* Huck Decl., Ex. 4 at ¶15.4. Apple also ignores that its agreements with developers expressly provide that the developers are "solely responsible for any and all claims and liabilities involving or relating to, the Licensed Applications." *Id.* at Schedule 1, ¶1.3.[4]

C. **Apple Ignores that Common Issues are *Not* Sufficient for Permissive Intervention.**

Apple asserts that "Lodsys concedes that Apple's Motion raises many common issues of law and fact." Reply at 5. But Apple ignores that "[t]he existence of a common question of law or fact does not automatically entitle an applicant to intervene." *Texas Educ. Agency*, 138 F.R.D. at 507. Apple ignores that adequate representation by the defendants is sufficient to deny permissive intervention. *See id.* at 508. Apple ignores that the denial of permissive intervention is appropriate because Apple brings no new issues. *See Ingebretsen on Behalf of Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 281 (5th Cir. 1996). Apple also ignores that it cannot demonstrate an independent ground for jurisdiction because it did not acquire ▮▮▮▮▮▮▮▮▮▮ under the plain and unambiguous terms of the License.

---

[4] Apple asserts "the Court cannot at this stage make a factual determination regarding disputed terms of a different contract outside the pleadings." Reply at 4. But the agreements with developers are not "outside" the pleadings, because Apple references and relies on those agreements. Apple also asserts that Lodsys "argues that Apple's interest is insufficient because there is no indemnification obligation here." Reply at 3. Not true. Lodsys simply noted that Apple does not have any indemnity obligations to the developers, which distinguishes Apple's purported interest from several of the cases relied on by Apple. Importantly, Apple does not dispute that it requires the developers to indemnify Apple.

Dated: August 18, 2011.                                Respectfully Submitted,

                                            By:   /s/ Christopher M. Huck
                                                    Michael A. Goldfarb
                                                    (admitted *pro hac vice*)
                                                    Christopher M. Huck
                                                    (admitted *pro hac vice*)
                                                    KELLEY, DONION, GILL,
                                                    HUCK & GOLDFARB, PLLC
                                                    701 Fifth Avenue, Suite 6800
                                                    Seattle, Washington 98104
                                                    Phone: (206) 452-0260
                                                    Fax: (206) 397-3062
                                                    Email: goldfarb@kdg-law.com
                                                               huck@kdg-law.com

                                                    William E. "Bo" Davis, III
                                                    Texas State Bar No. 24047416
                                                    THE DAVIS FIRM, PC
                                                    111 West Tyler Street
                                                    Longview, Texas 75601
                                                    Phone: (903) 230-9090
                                                    Fax: (903) 230-9090
                                                    Email: bdavis@bdavisfirm.com

                                                    **Attorneys for Plaintiff Lodsys, LLC**

## CERTIFICATE OF FILING UNDER SEAL

The undersigned certifies that the un-redacted version of the foregoing document was filed under seal, pursuant to this Court's June 21, 2011 Order Granting Apple Inc.'s Motion For Leave To File Under Seal Exhibit A To the Declaration Of Jonathan C. Sanders In Support Of Apple Inc.'s Motion To Intervene [dkt. no. 12] (the "Order"). The redacted version of the forgoing document quotes or references the document the Court's Order requires to "be maintained under seal."

By: /s/ Christopher M. Huck
Christopher M. Huck

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this response was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 18th day of August 2011.

By: /s/ Christopher M. Huck
Christopher M. Huck