**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LODSYS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-cv-272 |
| | § | |
| ATARI INTERACTIVE, INC.; | § | |
| COMBAY, INC.; | § | |
| ELECTRONIC ARTS, INC.; | § | |
| ICONFACTORY, INC.; | § | **JURY TRIAL DEMANDED** |
| ILLUSION LABS AB; | § | |
| MICHAEL G. KARR D/B/A SHOVELMATE; | § | |
| QUICKOFFICE, INC.; | § | |
| ROVIO MOBILE LTD. | § | |
| RICHARD SHINDERMAN; | § | |
| SQUARE ENIX LTD.; | § | |
| TAKE-TWO INTERACTIVE SOFTWARE, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF LODSYS, LLC'S ORIGINAL ANSWER TO
DEFENDANT QUICKOFFICE, INC.'S COUNTERCLAIMS**

COMES NOW, Plaintiff Lodsys, LLC ("Lodsys"), and files its Original Answer to the Counterclaims filed by Defendant Quickoffice, Inc. ("Quickoffice"), and would respectfully show the Court as follows:

**PARTIES**

1.      Admitted.

2.      Admitted.

**JURISDICTION AND VENUE**

3.      Lodsys admits that this Court has jurisdiction over the subject matter of Quickoffice's Counterclaims, that venue for Quickoffice's Counterclaims is proper in this District, and that this Court has personal jurisdiction over Lodsys.  The remaining legal or other conclusions in paragraph 3 do not require a response.  To the extent a response is required, Lodsys denies the remaining allegations in paragraph 3.

4.      Lodsys admits the first sentence of paragraph 4.  The remaining legal or other conclusions in paragraph 4 do not require a response.  To the extent a response is required, Lodsys denies the remaining allegations in paragraph 4.

## COUNT I

5.      Lodsys restates and incorporates by reference each of its responses to the allegations in paragraphs 1 through 4 of Quickoffice's Counterclaims, as if fully set forth herein.

6.      Admitted.

7.      Lodsys admits that it has alleged that Quickoffice infringes the '565 Patent and '078 Patent, and the Amended Complaint speaks for itself regarding Lodsys's allegations. Lodsys denies any characterizations or allegations inconsistent with the allegations in the Amended Complaint.

8.      Lodsys admits that, at a point in time, Apple held a license to the '565 Patent and '078 Patent.   Lodsys is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in first sentence of paragraph 8.  Lodsys denies the remaining allegations in paragraph 8.

9.      Lodsys admits that it has asserted claims of infringement against Quickoffice. The remaining legal or other conclusions in paragraph 9 do not require a response.  To the extent a response is required, Lodsys denies the remaining allegations in paragraph 9.

10.     Denied.

## COUNT II

11.     Lodsys restates and incorporates by reference each of its responses to the allegations in paragraphs 1 through 10 of Quickoffice's Counterclaims, as if fully set forth herein.

12.     Denied.

13.     Paragraph 13 contains legal or other conclusions that do not require a response. To the extent a response is required, Lodsys denies the allegations in paragraph 13.

14.     Denied.

## COUNT III

15.   Lodsys restates and incorporates by reference each of its responses to the allegations in paragraphs 1 through 14 of Quickoffice's Counterclaims, as if fully set forth herein.

16.   Denied.

17.   Paragraph 17 contains legal or other conclusions that do not require a response. To the extent a response is required, Lodsys denies the allegations in paragraph 17.

18.   Denied.

## COUNT IV

19.   Lodsys restates and incorporates by reference each of its responses to the allegations in paragraphs 1 through 18 of Quickoffice's Counterclaims, as if fully set forth herein.

20.   Denied.

21.   Paragraph 21 contains legal or other conclusions that do not require a response. To the extent a response is required, Lodsys denies the allegations in paragraph 21.

22.   Denied.

## COUNT V

23.   Lodsys restates and incorporates by reference each of its responses to the allegations in paragraphs 1 through 22 of Quickoffice's Counterclaims, as if fully set forth herein.

24.   Denied.

25.   Paragraph 25 contains legal or other conclusions that do not require a response. To the extent a response is required, Lodsys denies the allegations in paragraph 25.

26.   Denied.

## DEMAND FOR JURY ON QUICKOFFICE'S COUNTERCLAIMS

Lodsys demands a trial by jury on Quickoffice's Counterclaims.

2

**RESPONSE TO QUICKOFFICE'S REQUESTS FOR RELIEF**

Lodsys denies that Quickoffice is entitled to any of the relief requested in Quickoffice's Requests For Relief.

**LODSYS'S PRAYER FOR RELIEF**

WHEREFORE, in addition to the relief requested in its Amended Complaint, Lodsys respectfully requests entry of a judgment in its favor and against Quickoffice as follows:

A.     That Quickoffice take nothing by its Counterclaims;

B.     That the Court award Lodsys all costs and attorneys' fees incurred in defending against Quickoffice's Counterclaims; and

C.     Any and all further relief that the Court deems just and proper.


Dated:  September 19, 2011.                        Respectfully Submitted,


By:     /s/ Christopher M. Huck
        Michael A. Goldfarb
        (admitted *pro hac vice*)
        Christopher M. Huck
        (admitted *pro hac vice*)
        KELLEY, DONION, GILL,
        HUCK & GOLDFARB, PLLC
        701 Fifth Avenue, Suite 6800
        Seattle, Washington 98104
        Phone:  (206) 452-0260
        Fax:  (206) 397-3062
        Email:  goldfarb@kdg-law.com
                    huck@kdg-law.com

        William E. "Bo" Davis, III
        Texas State Bar No. 24047416
        THE DAVIS FIRM, PC
        111 West Tyler Street
        Longview, Texas 75601
        Phone:  (903) 230-9090
        Fax:  (903) 230-9090
        Email:  bdavis@bdavisfirm.com

        **Attorneys for Plaintiff Lodsys, LLC**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this response was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(V).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 19th day of September 2011.

By:      /s/ Christopher M. Huck
         Christopher M. Huck