## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **LODSYS, LLC** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO. 2:11-cv-00272-DF** |
| | § | |
| **v.** | § | |
| | § | |
| **ATARI INTERACTIVE, INC.; COMBAY,** | § | **JURY TRIAL DEMANDED** |
| **INC.; ELECTRONIC ARTS, INC.;** | § | |
| **ICONFACTORY, INC.; ILLUSION LABS** | § | |
| **AB; MICHAEL G. KARR D/B/A** | § | |
| **SHOVELMATE; QUICKOFFICE, INC.;** | § | |
| **ROVIO MOBILE LTD.; RICHARD** | § | |
| **SHINDERMAN; SQUARE ENIX LTD.;** | § | |
| **TAKE-TWO INTERACTIVE SOFTWARE** | § | |
| **INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANT TAKE-TWO INTERACTIVE, INC.'S ANSWER AND
## AFFIRMATIVE DEFENSES TO THE COMPLAINT AND COUNTERCLAIMS

Defendant Take-Two Interactive, Inc. ("Take-Two"), by and through their attorneys,

answer Plaintiff Lodsys, LLC's ("Plaintiff")'s Complaint ("Complaint") and assert defenses and

counterclaims as follows:

### THE PARTIES

1.     Take-Two is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 1 of the Complaint and, on that basis, denies

each and every allegation in that paragraph.

2.     Take-Two is without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 2 of the Complaint and, on that basis, denies

each and every allegation in that paragraph.

3.      Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

4.      Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

5.      Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

6.      Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

7.      Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

8.      Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

9.      Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

10.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

11.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

12.     Take-Two admits the allegations of paragraph 12 of the Complaint.

## JURISDICTION AND VENUE

13.     Take-Two admits that Plaintiff purports to bring an action arising under Title 35 of the United States Code as a claim for patent infringement, for which subject matter jurisdiction would be proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).  For purposes of this action only, Take-Two admits that, pursuant to 28 U.S.C. §§ 1391 and 1400(b), venue may be found in the Eastern District of Texas, but further states that venue is proper in other districts pursuant to 28 U.S.C. §§ 1391 and 1400(b), and Take-Two reserves all rights to move for transfer of venue of this action, severance, or consolidation with other related actions. Except as so admitted, Take-Two, denies the allegations of paragraph 13 to the extent they relate to Take-Two.  Take-Two denies that it has committed acts of infringement in this District.  Take-Two denies any express or implied allegation within paragraph 13 that it has infringed, or is now infringing, directly or indirectly, any patent, and denies that Plaintiff is entitled to damages, an injunction, and/or any other relief.  Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph as they relate to the other defendants and, on that basis, therefore denies those allegations.

14.     For purposes of this action only, Take-Two admits only that this Court has personal jurisdiction over it.  Except as so admitted, Take-Two denies the allegations of paragraph 14 to the extent they relate to Take-Two.  Take-Two denies any express or implied allegation within paragraph 14 that it has infringed, or is now infringing, directly or indirectly, any patent, and denies that Plaintiff is entitled to damages, an injunction, and/or any other relief. Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph as they relate to the other defendants and, on that basis, therefore denies those allegations.

### INFRINGEMENT OF U.S. PATENT NO. 7,620,565 B2

15.     Take-Two admits that the Complaint purports to attach a copy of U.S. Patent No. 7,620,565 (the "'565 patent") as Exhibit A.  Take-Two further admits that such copy of the '565 patent, on its face, states that it issued on November 17, 2009 and is entitled "Customer-Based Product Design Module."  Take-Two is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of the Complaint and, on that basis, denies each and every remaining allegation in that paragraph.

16.      Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

17.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

18.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

19.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

20.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

21.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

22.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

23.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

24.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

25.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

26.     Take-Two denies each and every allegation of paragraph 26.  Take-Two denies any express or implied allegation within paragraph 26 that it has infringed, or is now infringing, directly or indirectly, any patent, and denies that Plaintiff is entitled to damages, an injunction, and/or any other relief.

27.     Take-Two denies each and every allegation of paragraph 27 of the Complaint as they relate to Take-Two.  Take-Two denies any express or implied allegation within paragraph 27 that it has infringed, or is now infringing, directly or indirectly, any patent, and denies that Plaintiff is entitled to damages, an injunction, and/or any other relief.  Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph as they relate to the other defendants and, on that basis, denies each and every remaining allegation of paragraph 27 of the Complaint.

## INFRINGEMENT OF U.S. PATENT NO. 7,222,078 B2

28.     Take-Two admits that the Complaint purports to attach a copy of U.S. Patent No. 7,222,078 (the "'078 patent") as Exhibit B.  Take-Two further admits that such copy of the '078 patent, on its face, states that it issued on May 22, 2007 and is entitled "Methods and Systems for Gathering Information from Units of a Commodity Across a Network."  Take-Two is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 of the Complaint and, on that basis, denies each and every remaining allegation in that paragraph.

29.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

30.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

31.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

32.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

33.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

34.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

35.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

36.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

37.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

38.     Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint and, on that basis, denies each and every allegation in that paragraph.

39.     Take-Two denies each and every allegation of paragraph 39.  Take-Two denies any express or implied allegation within paragraph 39 that it has infringed, or is now infringing, directly or indirectly, any patent, and denies that Plaintiff is entitled to damages, an injunction, and/or any other relief.

40.     Take-Two denies each and every allegation of paragraph 40 of the Complaint as they relate to Take-Two.  Take-Two denies any express or implied allegation within paragraph 40 that it has infringed, or is now infringing, directly or indirectly, any patent, and denies that Plaintiff is entitled to damages, an injunction, and/or any other relief.  Take-Two is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph as they relate to the other defendants and, on that basis, denies each and every remaining allegation of paragraph 40 of the Complaint.

41.     In response to Plaintiff's Jury Demand, Take-Two also demands a trial by jury on all issues so triable.

42.     In response to Plaintiff's Prayer for Relief, Take-Two denies that Plaintiff is entitled to any relief sought in Paragraphs (a) through (f) of the Prayer for Relief, as they relate to Take-Two.  Take-Two is without knowledge or information sufficient to form a belief as to Plaintiff's entitlement to any relief sought of other defendants and, on that basis, denies that Plaintiff is entitled to any relief sought of other defendants.

43.     Any remaining allegations in the Complaint that are not expressly admitted are denied.

## AFFIRMATIVE DEFENSES

Take-Two asserts the following affirmative defenses to the Complaint.  Assertion of such a defense is not a concession that Take-Two has the burden of proving the matter asserted.

### First Affirmative Defense
(License/Exhaustion of Patent Rights and First Sale)

44.     Apple, Inc. ("Apple") holds a license to the '565 patent and the '078 patent.  Such license permits Apple to offer and otherwise make available to Take-Two and others products and services that embody the inventions contained in the '565 and '078 patents.  Plaintiff's infringement claims against Take-Two are based on Take-Two's use of products and services that Apple is authorized to provide under such license and which Plaintiff claims embody the '565 and '078 patents.  Under the patent law doctrines of exhaustion and first sale, Take-Two can use the products and services Apple provides to it free of claims of infringing the '078 and '565 patents.  Therefore, Plaintiff's claims against Take-Two are barred by the license to Apple and the doctrines of patent exhaustion and first sale.

## Second Affirmative Defense
(Non-Infringement of U.S. Patent No. 7,620,565)

45.     Take-Two has not infringed, and does not infringe, directly or indirectly, either

literally or by application of the doctrine of equivalents, any valid claim of the '565 patent.

## Third Affirmative Defense
(Non-Infringement of U.S. Patent No. 7,222,078)

46.     Take-Two has not infringed, and does not infringe, directly or indirectly, either

literally or by application of the doctrine of equivalents, any valid claim of the '078 patent.

## Fourth Affirmative Defense
(Invalidity of U.S. Patent No. 7,620,565)

47.     One or more claims of the '565 patent is invalid and/or unenforceable for failure

to meet one or more of the conditions of patentability and/or patent eligibility specified in Title

35 of the United States Code, including, without limitation, sections 101, 102, 103, and 112.

## Fifth Affirmative Defense
(Invalidity of U.S. Patent No. 7,222,078)

48.     One or more claims of the '078 patent is invalid and/or unenforceable for failure

to meet one or more of the conditions of patentability and/or patent eligibility specified in Title

35 of the United States Code, including, without limitation, sections 101, 102, 103, and 112.

## Sixth Affirmative Defense
(Failure to State a Claim)

49.     Plaintiff's claims should be dismissed under Rule 12(b)(6) of the Federal Rules of

Civil Procedure for failure to state a claim upon which relief can be granted.

## Seventh Affirmative Defense
(Limitation on Damages)

50.     Plaintiff's available remedies are limited or barred by 35 U.S.C. §§ 286, 287, 288

and/or 28 U.S.C. § 1498.

**Eighth Affirmative Defense**
(Implied License, Laches, Estoppel, Waiver)

51.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of implied license, laches, estoppel, and/or waiver.

**Ninth Affirmative Defense**
(Prosecution Estoppel for U.S. Patent No. 7,620,565)

52.     Plaintiff is estopped from construing the claims of the '565 patent in such a manner that covers Take-Two's activities by reason of, among other things, statements made in the '565 patent, amendments, and/or statements made in and to the United States Patent and Trademark Office during the prosecution of the application that issued as the '565 patent, prior statements made in this or any other Court, prior rulings of this or any other Court, and/or Plaintiff's prior conduct.

**Tenth Affirmative Defense**
(Prosecution Estoppel for U.S. Patent No. 7,222,078)

53.     Plaintiff is estopped from construing the claims of the '078 patent in such a manner that covers Take-Two's activities by reason of, among other things, statements made in the '078 patent, amendments, and/or statements made in and to the United States Patent and Trademark Office during the prosecution of the application that issued as the '078 patent, prior statements made in this or any other Court, prior rulings of this or any other Court, and/or Plaintiff's prior conduct.

**Eleventh Affirmative Defense**
(Indispensable Parties)

54.     One or more of Plaintiff's claims are barred, in whole or in part, by its failure to join one or more necessary and/or indispensable parties.

### Twelfth Affirmative Defense
(Unclean Hands)

55.     One or more of Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### COUNTERCLAIMS

In addition to its affirmative defenses, Defendant Take-Two Interactive Software, Inc. ("Take-Two") further asserts the following counterclaims against Plaintiff Lodsys, LLC ("Lodsys").

### THE PARTIES

56.     Take-Two Interactive  Software, Inc. is a corporation duly organized and existing under the laws of Delaware and has its principal place of business at 622 Broadway, New York, New York.

57.     On information and belief, Lodsys, LLC is a Texas limited liability company with its principal place of business in Marshall, Texas.

### JURISDICTION AND VENUE

58.     These Counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

59.     This Court has personal jurisdiction over Lodsys at least because it has submitted to the jurisdiction of this Court.

60.     Venue is proper under 28 U.S.C. §§ 1391 and 1400(b).

61.     On or about May 22, 2007, U.S. Patent No. 7,222,078 (the "'078 patent") entitled "Methods and Systems for Gathering Information from Units of a Commodity Across a Network" issued to named inventor Daniel H. Abelow.

62.     On or about November 17, 2009, U.S. Patent No. 7,620,565 (the "'565 patent") entitled "Customer-Based Product Design Module" issued to named inventor Daniel H. Abelow.

63.     Pursuant to 28 U.S.C. § 2201(a), an actual and justiciable controversy has arisen and exists between Take-Two and Lodsys.  Take-Two is entitled to a judicial determination and declaration that it has not infringed and is not infringing the '565 patent and the '078 patent, and that the '565 patent and the '078 patent are invalid and unenforceable.

**First Counterclaim**
(Declaratory Judgment that Lodsys's Claims against Take-Two Are Barred by Virtue of
Apple Inc.'s License to U.S. Patent Nos. 7,222,078 and 7,620,565 and the
Doctrines of Patent Exhaustion and First Sale)

64.     Paragraphs 56-63 are incorporated by reference as if fully set forth herein.

65.     On or about July 21, 2011, Lodsys filed its Amended Complaint for Patent Infringement asserting that Take-Two infringes the '078 and the '565 patents.

66.     Apple, Inc. ("Apple") holds a license to the '565 patent and the '078 patent.  Such license permits Apple to offer and otherwise make available to Take-Two and others products and services that embody the inventions contained in the '565 and '078 patents.  Lodsys's infringement claims against Take-Two are based on Take-Two's use of products and services that Apple is authorized to provide under such license and which Lodsys claims embody the '565 and '078 patents.  Under the patent law doctrines of exhaustion and first sale, Take-Two can use the products and services Apple provides to it free of claims of infringing the '078 and '565 patents.  Therefore, Lodsys's claims against Take-Two are barred by the license to Apple and the doctrines of patent exhaustion and first sale.

67.     Notwithstanding Apple's license, Lodsys has asserted claims of infringement against Take-Two.  Lodsys's claims against Take-Two are barred by the license to Apple and the doctrines of patent exhaustion and first sale.

**Second Counterclaim**
(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,222,078)

68.     Paragraphs 56-67 are incorporated by reference as if fully set forth herein.

69.     On or about July 21, 2011, Lodsys filed its Amended Complaint for Patent Infringement asserting that Take-Two infringes the '078 patent.

70.     Take-Two has not infringed, and does not infringe, directly or indirectly, either literally or by application of the doctrine of equivalents, any valid claim of the '078 patent.

**Third Counterclaim**
(Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,620,565)

71.     Paragraphs 56-70 are incorporated by reference as if fully set forth herein.

72.     On or about July 21, 2011, Lodsys filed its Amended Complaint for Patent Infringement asserting that Take-Two infringes the '565 patent.

73.     Take-Two has not infringed, and does not infringe, directly or indirectly, either literally or by application of the doctrine of equivalents, any valid claim of the '565 patent.

**Fourth Counterclaim**
(Declaratory Judgment of Invalidity of U.S. Patent No. 7,222,078)

74.     Paragraphs 56-73 are incorporated by reference as if fully set forth herein.

75.     On or about July 21, 2011, Lodsys filed its Amended Complaint for Patent Infringement asserting that Take-Two infringes the '078 patent.

76.     One or more claims of the '078 patent is invalid and/or unenforceable for failure to meet one or more of the conditions of patentability and/or patent eligibility specified in Title 35 of the United States Code, including, without limitation, sections 101, 102, 103, and 112.

14

**Fifth Counterclaim**
(Declaratory Judgment of Invalidity of U.S. Patent No. 7,620,565)

77.     Paragraphs 56-76 are incorporated by reference as if fully set forth herein.

78.     On or about July 21, 2011, Lodsys filed its Amended Complaint for Patent

Infringement asserting that Take-Two infringes the '565 patent.

79.     One or more claims of the '565 patent is invalid and/or unenforceable for failure

to meet one or more of the conditions of patentability and/or patent eligibility specified in Title

35 of the United States Code, including, without limitation, sections 101, 102, 103, and 112.


**PRAYER FOR RELIEF**

WHEREFORE, Take-Two prays as follows:

A.     That the Complaint be dismissed in its entirety with prejudice and that a Judgment

be entered for Take-Two;

B.     That Plaintiff take nothing by reason of its Complaint;

C.     For a declaratory judgment that Lodsys's claims against Take-Two with respect to

U.S. Patent Nos. 7,222,078 and 7,620,565 are barred by the license to Apple and

the doctrines of patent exhaustion and first sale;

D.     For a declaratory judgment that:

(i)     Take-Two does not infringe, directly or indirectly, literally or by
        application of the Doctrine of Equivalents, any valid and
        enforceable claim of U.S. Patent No. 7,222,078;

(ii)    U.S. Patent No. 7,222,078 is invalid and void;

(iii)   U.S. Patent No. 7,222,078 is unenforceable;

(iv)    Plaintiff, its officers, servants, employees, agents, and attorneys,
        and all of those in concert or participation with it, are without right
        or authority to threaten or maintain suit against Take-Two, its

15

present or prospective customers, agents, servants, or employees, or users of Take-Two's products, for alleged infringement of U.S. Patent No. 7,222,078;

(v)     Take-Two does not infringe, directly or indirectly, literally or by application of the Doctrine of Equivalents, any valid and enforceable claim of U.S. Patent No. 7,620,565;

(vi)    U.S. Patent No. 7,620,565 is invalid and void;

(vii)   U.S. Patent No. 7,620,565 is unenforceable; and

(viii)  Plaintiff, its officers, servants, employees, agents, and attorneys, and all of those in concert or participation with it, are without right or authority to threaten or maintain suit against Take-Two, its present or prospective customers, agents, servants, or employees, or users of Take-Two's products, for alleged infringement of U.S. Patent No. 7,620,565;

E.      For an injunction prohibiting Plaintiff, its officers, servants, employees, agents, and attorneys, and all those in concert or participation with them who receive actual notice of the injunction, from initiating infringement litigation against and from threatening Take-Two, its present or prospective customers, agents, servants, or employees, or users of Take-Two's products, with infringement litigation or charging any of them either orally or in writing with infringement of U.S. Patent No. 7,222,078, or representing to any of them that infringement has occurred, because of the manufacture, use, sale, or offer for sale of any Take-Two products;

F.      For an injunction prohibiting Plaintiff, its officers, servants, employees, agents, and attorneys, and all those in concert or participation with them who receive actual notice of the injunction, from initiating infringement litigation against and from threatening Take-Two, its present or prospective customers, agents, servants, or employees, or users of Take-Two's products, with infringement litigation or charging any of them either orally or in writing with infringement of U.S. Patent No. 7,620,565, or representing to any of them that infringement has occurred, because of the manufacture, use, sale, or offer for sale of any Take-Two products;

G.     That Take-Two be awarded under 35 U.S.C. § 285 its attorneys' fees and costs of suit incurred in this litigation, as Plaintiff's conduct as set forth above renders this an exceptional case; and

H.     For other such relief as the Court deems proper.


## DEMAND FOR JURY TRIAL

Take-Two demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all issues that may be tried by jury.


October 19, 2011

Respectfully submitted,


_____/s/___Wayne M. Barsky_____
Wayne M. Barsky (CA Bar No. 116731)
GIBSON, DUNN & CRUTCHER LLP
2029 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-8500
Facsimile: (310) 551-8741
wbarsky@gibsondunn.com

Jason C. Lo (CA Bar No. 219030)
Jennifer J. Rho (CA Bar No. 254312)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071
Telephone: (213) 229-7000
Facsimile: (212) 229-7520
jlo@gibsondunn.com
jrho@gibsondunn.com

*Counsel for Defendant Take-Two Interactive Software, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 19, 2011, a true and correct copy of the foregoing

document was served on all attorneys of record who have consented to electronic service via the

Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/    *Jennifer J. Rho*
        Jennifer J. Rho
