**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LODSYS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-cv-272 |
| | § | |
| ATARI INTERACTIVE, INC.; | § | |
| COMBAY, INC.; | § | |
| ELECTRONIC ARTS, INC.; | § | |
| ICONFACTORY, INC.; | § | **JURY TRIAL DEMANDED** |
| ILLUSION LABS AB; | § | |
| MICHAEL G. KARR D/B/A SHOVELMATE; | § | |
| QUICKOFFICE, INC.; | § | |
| ROVIO MOBILE LTD. | § | |
| RICHARD SHINDERMAN; | § | |
| SQUARE ENIX LTD.; | § | |
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF LODSYS, LLC'S ORIGINAL ANSWER TO**
**DEFENDANT ELECTRONIC ARTS, INC.'S COUNTERCLAIMS**

COMES NOW, Plaintiff Lodsys, LLC ("Plaintiff"), and files its Original Answer to the Counterclaims filed by Defendant Electronic Arts, Inc. ("Defendant"), and would respectfully show the Court as follows:

**THE PARTIES**

1. Plaintiff admits the allegations in paragraph 56.

2. Plaintiff admits the allegations in paragraph 57.

**JURISDICTION AND VENUE**

3. Plaintiff admits that this Court has jurisdiction over the subject matter of Defendant's Counterclaims. The remaining legal or other conclusions in paragraph 58 do not require a response. To the extent a response is required, Plaintiff denies the remaining allegations in paragraph 58.

4. Plaintiff admits the allegations in paragraph 59.

5. Plaintiff admits that venue for Defendant's Counterclaims is proper in this District. The remaining legal or other conclusions in paragraph 60 do not require a response. To the extent a response is required, Plaintiff denies the remaining allegations in paragraph 60.

6. Plaintiff admits the allegations in paragraph 61.

7. Plaintiff admits the allegations in paragraph 62.

8. Paragraph 63 contains legal or other conclusions that do not require a response. To the extent a response is required, Plaintiff denies the allegations in paragraph 63.

### First Counterclaim

9. Plaintiff restates and incorporates by reference each of its responses to the allegations in paragraphs 56 through 63 of Defendant's Counterclaims, as if fully set forth herein.

10. Plaintiff admits the allegations in paragraph 65.

11. Plaintiff admits that, at a point in time, Apple held a license to the '565 Patent and '078 Patent. Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 66. Plaintiff denies the remaining allegations in paragraph 66.

12. Plaintiff admits that it has asserted claims of infringement against Defendant. The remaining legal or other conclusions in paragraph 67 do not require a response. To the extent a response is required, Plaintiff denies the remaining allegations in paragraph 67.

### Second Counterclaim

13. Plaintiff restates and incorporates by reference each of its responses to the allegations in paragraphs 56 through 67 of Defendant's Counterclaims, as if fully set forth herein.

14. Plaintiff admits the allegations in paragraph 69.

15. Plaintiff denies the allegations in paragraph 70.

### Third Counterclaim

16. Plaintiff restates and incorporates by reference each of its responses to the allegations in paragraphs 56 through 70 of Defendant's Counterclaims, as if fully set forth herein.

17. Plaintiff admits the allegations in paragraph 72.

18. Plaintiff denies the allegations in paragraph 73.

### Fourth Counterclaim

19. Plaintiff restates and incorporates by reference each of its responses to the allegations in paragraphs 56 through 73 of Defendant's Counterclaims, as if fully set forth herein.

20. Plaintiff admits the allegations in paragraph 75.

21. Plaintiff denies the allegations in paragraph 76.

### Fifth Counterclaim

22. Plaintiff restates and incorporates by reference each of its responses to the allegations in paragraphs 56 through 76 of Defendant's Counterclaims, as if fully set forth herein.

20. Plaintiff admits the allegations in paragraph 78.

21. Plaintiff denies the allegations in paragraph 79.

### DEMAND FOR JURY ON DEFENDANT'S COUNTERCLAIMS

Plaintiff demands a trial by jury on Defendant's Counterclaims.

### RESPONSE TO DEFENDANT'S PRAYER FOR RELIEF

Plaintiff denies that Defendant is entitled to any of the relief requested in Defendant's Prayer For Relief.

### PLAINTIFF'S PRAYER FOR RELIEF

WHEREFORE, in addition to the relief requested in its Amended Complaint, Plaintiff respectfully requests entry of a judgment in its favor and against Defendant as follows:

A. That Defendant take nothing by its Counterclaims;

  B. That the Court award Plaintiff all costs and attorneys' fees incurred in defending against Defendant's Counterclaims; and

  C. Any and all further relief that the Court deems just and proper.

Dated: November 9, 2011.        Respectfully Submitted,

            By: /s/ Christopher M. Huck
              Michael A. Goldfarb
              (admitted *pro hac vice*)
              Christopher M. Huck
              (admitted *pro hac vice*)
              KELLEY, DONION, GILL,
              HUCK & GOLDFARB, PLLC
              701 Fifth Avenue, Suite 6800
              Seattle, Washington 98104
              Phone: (206) 452-0260
              Fax: (206) 397-3062
              Email: goldfarb@kdg-law.com
                 huck@kdg-law.com

              William E. "Bo" Davis, III
              Texas State Bar No. 24047416
              THE DAVIS FIRM, PC
              111 West Tyler Street
              Longview, Texas 75601
              Phone: (903) 230-9090
              Fax: (903) 230-9090
              Email: bdavis@bdavisfirm.com

              **Attorneys for Plaintiff Lodsys, LLC**

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this response was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(V). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 9th day of November 2011.

                                            By:    /s/ Christopher M. Huck
                                                          Christopher M. Huck